ELIJAH A. TEW v. REBECCA A. TEW.

*Divorce.*

1. A husband is not entitled to a divorce unless upon a separation by the wife without default of the husband, and a living in adultery by the wife.

2. The adultery of the wife committed by her after a separation caused by the default of the husband, will not avail him to dissolve the bonds of matrimony. Divorces are granted on the application of the party *injured.* Bat. Rev., ch. 37, § 4.

(*Whittington* v. *Whittington*, 2 Dev. & Bat., 64; *Moss* v. *Moss*, 2 Ire., 55; *Wood* v. *Wood*, 5 Ire., 674, cited and approved.)

CIVIL ACTION for Divorce from the bonds of matrimony tried at Spring Term, 1878, of SAMPSON Superior Court, before *Eure, J.*

The facts are sufficiently stated by Mr. Justice DILLARD in delivering the opinion of this court. Upon the finding of issues submitted to the jury His Honor held in favor of defendant and plaintiff appealed.

*Mr. J. D. Kerr*, for plaintiff.
*Messrs. W. S. & D. J. Devane*, for defendant.

DILLARD, J. The husband seeks a divorce *a vinculo matrimonii,* and in his petition puts his case on the ground of a separation from him by his wife and alleged adultery of the wife before and after the separation; and the wife de-

nies that she separated from her husband, and also denies the adultery charged. The jury in response to issues submitted to them find that the wife did not separate herself from her husband, but that the husband separated himself from the wife; that the wife was not guilty of the adultery charged against her prior to the separation, but was guilty after the separation; and on the facts as thus found His Honor held that the plaintiff was not entitled to a decree dissolving the marriage. We concur with His Honor.

Marriages may be dissolved on the application of the injured party for the cause of adultery in two cases,—first, if either party shall separate from the other and live in adultery; and second, if the wife shall commit adultery. Bat. Rev. ch. 37, § 4. To entitle the husband to a divorce in the first case, two things must concur, to-wit, separation by the wife without default of the husband, and a living in adultery by the wife; and the jury find but one of the requisites—adultery by the wife since the separation; and as to the other essential fact they find that separation was the act of the husband, and that the incontinence imputed to the wife as prior to the separation was untrue, and it is obvious therefore that the plaintiff's application for divorce is not within the first class of cases mentioned above.

But the plaintiff insists that his wife has *committed adultery*, and although committed only *since* the separation, he is entitled to have a divorce under the second class of cases enumerated in the section aforesaid of Battle's Revisal. The clause of the statute is a new provision, and first introduced into our law at the session of the legislature of 1871–'72, and no case has arisen calling for its exposition and construction. It is in terms absolute, and separately considered it would seem to make the adultery of the wife good ground of divorce whensoever committed, whether before or after separation, and howsoever committed, whether in consequence of, or without the default of the husband.

But this provision in the opinion of this court is to be considered in connection with the declaration in the same statute, that divorces are to be granted on the application of the party *injured;* and thus limited, no husband can have the bonds of matrimony dissolved by reason of the adultery of the wife committed through his allowance, his exposure of her to lewd company, or brought about by the husband's default in any of the essential duties of the married life, or supervenient on his separation without just cause. *Whittington* v. *Whittington,* 2 Dev. & Bat., 64; *Moss* v. *Moss,* 2 Ire., 55.

In *Wood* v. *Wood,* 5 Ire. 674, it is held, that if a divorce be sought on grounds occurring after separation, it is indispensable that the party asking it shall show that he or she did not separate, or if he or she did, that it was unavoidable and made necessary by the conduct of the other party.

Now by the verdict of the jury it is established that the husband separated himself from the wife upon a charge of adultery before the separation, which is found to be untrue, and the default of the husband in withdrawing all conjugal society from the wife and throwing her out upon the world stained with a false imputation, in the opinion of this court, disables him to avail himself of the wife's subsequent adultery as a ground to dissolve the bonds of matrimony.

No error.                                              Affirmed.