DENNIS HAINES v. ROOKSEY HAINES.

(Case No. 1568.)

1. DIVORCE.— A decree of divorce is properly refused, where it is shown that both parties have been guilty of adultery.
2. SAME.—Such will be the proper decision, even if the adultery of one of the parties takes place a long period of time after the act was committed by the other.
3. SAME — AUTHORITIES CITED.— 2 Bishop on Marriage and Divorce, sec. 80; Proctor v. Proctor, 2 Hag. Con., 292; Smith v. Smith, 4 Paige Chan., 432; Mattox v. Mattox, 2 Ohio, 233; 2 Greenl. Ev., sec. 52; R. S., art. 2865, cited.

APPEAL from Nacogdoches. Tried below before the Hon. R. H. Morris, Special Judge.

Appellant prayed for a divorce on the ground of adultery on the part of appellee. It was shown that immediately upon finding out that appellee had committed adultery, appellant left her, and had remained away from her ever since. Adultery on the part of appellant was also proven, the act being committed on his part about two years after leaving appellee. Upon this ground a divorce was refused him.

*Tom R. Jennings*, for appellant.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— The adultery of the wife, upon which this suit for divorce was founded, seems to have been fully proved. It was also as satisfactorily shown that the husband, some two years after separating from his wife on account of her adultery, was himself guilty of that offense, and lived in cohabitation with another woman. It was for this reason that his application for divorce was denied by the court below.

By the law of England, independent of statute, neither the husband nor the wife can have a divorce for adultery committed by the other, if the complainant has also been guilty of adultery. "And it makes no difference which was the earlier offense," or even if, as in the present case, "the plaintiff's followed a separation which took place on discovery of the defendant's." 2 Bish. on Mar. & Div., sec. 80; Proctor *v.* Proctor, 2 Hag. Con., 292; Brisco *v.* Brisco, 2 Add. Ec. R., 259.

This is also held to be law by all the American courts passing upon the question. Smith *v.* Smith, 4 Paige Ch., 432; Flavell *v.* Flavell, 5 C. E. Green, 211; Mattox *v.* Mattox, 2 Ohio, 233. See, also, 2 Greenl. Ev., § 52.

Whatever exceptions may have been engrafted by the decision of some courts upon the defense of recrimination in suits for divorce, where adultery is not the recriminatory act pleaded in defense, we believe it is the universal rule, that, when both parties are guilty of adultery, neither can obtain a divorce from the other, no matter which was prior in point of time in committing the offense.

Article 2865 of our Revised Statutes mentions several causes which will prevent a divorce on the ground of adultery, all of which were already considered good defenses by the law both of England and America. It enumerates condonation, connivance, exposure of

the wife to bad company — in itself an evidence of connivance — collusion, and when the complainant or both parties have been guilty of adultery. It is evident, therefore, that this article is but declaratory of the law as it existed at the time the Revised Statutes were adopted, and must be subject to a like construction, unless there is something in the language of the article itself authorizing a different interpretation. If it had been intended that the adultery of the complainant, in order to bar his right of divorce, should have been committed before the adultery of the defendant, or contemporary with it, this could easily have been expressed in the statute, and it would undoubtedly have been so stated. The law at the time being to the contrary by universal decision, the legislature would have used apt and appropriate terms to show that they intended to change it in this respect, if such had been their design, but they have not done so; have not prescribed at what date, as compared with the date of the defendant's crime, the adultery of the plaintiff must have occurred, and we cannot add to the statute words that will have that effect. The innocent spouse should not be encouraged or tempted to commit an offense like to the one charged against the opposite party in his petition, nor a plaintiff allowed to obtain a divorce, who is as guilty as the defendant of whom he complains.

As was said in Mattox v. Mattox, *supra*, the plaintiff must come into court with clean hands. We must not offer a bounty to guilt, or " remove one of the strongest motives to that correctness and chastity of conduct which is necessary to render the marriage state either pleasant or convenient."

The court below did not err in refusing the divorce, and the judgment is affirmed.

AFFIRMED.