## SKITTLETHARPE v. SKITTLETHARPE.

(Filed March 11, 1902.)

1. HUSBAND AND WIFE—*Separation—Maintenance—The Code, Sec. 1292.*

  Under section 1292 of The Code the only questions are whether the marriage relation existed at the time of the institution of the proceeding and whether the husband separated himself from the wife.

2. HUSBAND AND WIFE—*Separation—Maintenance—Judgment— The Code, Sec. 1292.*

  In an action by a wife against the husband for maintenance, the husband should be required to secure a portion of his estate for the benefit of his wife and children, but not required to make monthly payments.

3. HUSBAND AND WIFE—*Separation—Maintenance—Judgment— The Code, Sec. 1292.*

  In an action to require a husband to maintain his wife, the judgment should not be final.

ACTION by Neva Skittletharpe against J. H. Skittletharpe, heard by Judge *Walter H. Neal* and a jury, at October Term, 1901, of the Superior Court of WASHINGTON County.

This is a special proceeding instituted by *feme* plaintiff against her husband, the defendant, to recover a reasonable subsistence for herself and the child of their marriage, pursuant to section 1292 of The Code. The plaintiff alleges that the husband, defendant, "left and abandoned her and took from the house all, or nearly all, of the furniture and household goods, and left her without means of livelihood and support," to which the defendant answers "that it is true that .... he quit living with her, and moved from the house she and he occupied the greater part of the household furniture, which belonged to him," and does not deny that he left her without means of support, and admits that "he refuses to support her." And for his defence he avers that he left his wife, *feme* plaintiff, for the reason that she had been engaging in acts of illicit intercourse with one L. C. Hornthall.

Upon the hearing, his Honor heard affidavits and depositions as to the alleged acts of adultery, the cause for which the defendant separated himself from his wife, etc., and found as facts "that the defendant, without just cause, has separated himself from his wife, the plaintiff, or petitioner, who has at all times been a faithful wife, and has failed to provide her and her child, of which the defendant is the father, with the necessary subsistence according to his means and condition in life," and thereupon rendered a judgment ordering and adjudging that the defendant pay into the office of the Clerk of the Superior Court of the county fifteen dollars per month for the maintenance of plaintiff, and eight dollars per month for the maintenance of the child; and that this judgment is made without prejudice to the rights of the petitioner to apply for an increase of this allowance as emergency may require.

The defendant excepted to the finding of these facts by his Honor, and insisted that they be found by a jury upon proper issues submitted; and also excepted to the judgment for that

it is not authorized by law, in that it requires the defendant to pay monthly installments to the plaintiff and her child; and because the Judge improperly found the facts, and because it was unjust and not warranted by the pleadings and exhibits, and therefore contrary to law in that it required defendant to support a woman as his wife who confessed to him her infidelity. His Honor overruled the exceptions and rendered judgment in favor of plaintiff, and defendant appealed.

*H. S. Ward,* for plaintiff.
*A. O. Gaylord,* for the defendant.

Cook, J. Section 1292 of The Code, under which this special proceeding was instituted, provides: "If any husband shall separate himself from his wife and fail to provide her with the necessary subsistence according to his means and condition in life, or if he shall be a drunkard or spendthrift, the wife may apply for a special proceeding to the Judge of the Superior Court for the county in which he resides, to have a reasonable subsistence secured to her and to the children of the marriage from the estate of her husband, and it shall be lawful for such Judge to cause the husband to secure so much of his estate as may be proper according to his condition and circumstances, for the benefit of his said wife and children, having regard also to the separate estate of the wife." This statute "only applies to independent suits for alimony." *Reeves v. Reeves,* 82 N. C., 348. Under it only two material issues of fact can arise, viz: (1) As to whether the marriage relation existed at hte time of the institution of the proceeding; (2) whether the husband separated himself from the wife. Should these issues, or either of them, be raised by the pleadings, then it would be the duty of the Judge to have them found by a jury, as is provided by law for the trial of issues of fact in other cases of special pro-

ceedings. *Cram v. Cram,* 116 N. C., 288. But in this case neither of those issues is joined. The answer admits the marriage relation existing, and his separation from his wife. Wherefore, his Honor properly refused to submit issues to the jury as to defendant's reasons and excuses for separating from his wife, and erred (though harmless it be) by inquiring into the same himself. They were irrelevant and might have been stricken out upon motion. The Code, section 261.

As to the exceptions taken to the judgment rendered, we think his Honor erred in two particulars, viz: (1) In ordering defendant to make monthly payments; (2) in rendering a final judgment. As to the first, the statute expressly requires that the subsistence shall be *secured* to the wife and children "from the estate of her husband," not that he shall pay, or that he shall assume any further *personal* obligation. The remedy provided is *in rem* not *in personam.*

The two material issues of fact being admitted, it then became the duty of the Judge to ascertain the means and condition in life of the defendant and to cause him to secure so much of his estate as would be proper according to his condition and circumstances, for the benefit of plaintiff and their child, having regard also to the separate estate of the wife. *Cram v. Cram, supra.* What were his means, circumstances and condition in life, and the estate of his wife, and a necessary subsistence in accordance therewith were not such "issues of fact" as would necessarily be raised by the pleadings and be material in order to bind and conclude the parties upon the matters in controversy, but "questions of fact" necessary to be ascertained by the Judge for his information in determining an equitable allowance for the support of the wife during their temporary alienation and unsettled relations.

As to the second, it is not contemplated by the statute that the judgment should be final and conclusive; for, should the

husband return to the wife and resume his marriage relations and obligations, the necessity for such a provision would cease; or, should defendant institute a suit for divorce (which is not permitted by the statute to be done until six months after obtaining the information for such cause of action) and obtain an absolute divorce, it is certain that he ought to be relieved from her further support, which could not be done with a final judgment binding upon the parties. Therefore, for the errors above pointed out this case is remanded in order that the judgment may be modified and rendered in conformity with the requirements of the statute and with this opinion. Let the defendant pay the costs of this appeal.

Remanded.