HOUSE v. HOUSE.

(Filed October 14, 1902.)

DIVORCE—*Adultery—The Code, Sec. 1285—Recrimination.*

Adultery by the husband on but two occasions is not ground for divorce by wife, and hence does not constitute the defense of recrimination, preventing his obtaining a divorce from the wife on proof of adultery.

ACTION by W. M. House against Minnie House, heard by Judge *Francis D. Winston* and a jury, at July (Special) Term, 1902, of the Superior Court of WAKE County. From a judgment for the defendant, the plaintiff appealed.

*Busbee & Busbee,* for the plaintiff.

*J. W. Hinsdale, Jr.,* and *W. B. Jones,* for the defendant.

CLARK, J.  This is an action by the husband against the
wife for divorce.  The jury found on the issues duly sub-
mitted that the parties were married; that the plaintiff had
been a continuous resident of the State for two years next
preceding the filing the complaint; that the defendant had
committed the adulteries alleged in the complaint, and that
the plaintiff had not, with knowledge thereof, condoned such
adulteries.  And to a further issue: "5. Has William
House committed adultery, as alleged in the amendment to
the answer?"  The jury responded, "Yes, only two acts and
no more."  Thereupon his Honor refused to sign judgment
in favor of plaintiff, and dismissed the action.  Plaintiff ex-
cepted and appealed.

The complaint averred that the defendant had separated
from the plaintiff in July, 1901, four years after marriage,
and had not lived with him since, and had committed adulter-
ies with divers parties, naming two, and averring that the
others were unknown to the plaintiff.  The answer denied
each allegation of the complaint, except those of marriage and
residence for the statutory period.  The amended answer al-
leged adultery by plaintiff with sundry parties, naming two
of them, and sexual intercourse by her with plaintiff since
July, 1901.

By our statute (The Code, Sec. 1285 (2) ), it is ground for
divorce "If the wife shall commit adultery."  But such con-
duct is not ground for divorce against the husband, who comes
under Section 1285 (1), "If either party shall separate from
the other and live in adultery."  The Legislature has made
the distinction for reasons satisfactory to them, and the
Courts must administer the law as it is written.

So the single question presented is, whether the husband

who has established his legal grounds for divorce by the verdict of a jury can be defeated thereof by matter in recrimination, which would not have entitled the wife to have brought an action for divorce against him. "The general principle which governs in a case where one party recriminates is, that the recrimination must allege a cause which the law declares sufficient for divorce." Tiffany Dom. Rel., Sec. 108, pages 203, 204; *Morrison v. Morrison,* 142 Mass., 361; 56 Am. Rep., 688, and cases there cited. The contrary doctrine is held in *Astley v. Astley,* 3 Eng. Ecc. Rep., 303, but the English Ecclesiastical law of divorce has not been followed in this country. In *Horne v. Horne,* 72 N. C., 530, habitual adultery, night after night, by the husband, was shown by the evidence and established by the verdict, and the same was true in *Haines v. Haines,* 62 Tex., 216. Here the two acts of adultery found by the verdict were committed by the husband after his wife abandoned him, and are not ground of defense, or recrimination for her. *Setzer v. Setzer,* 128 N. C., at page 172; 83 Am. St. Rep., 66; *Foy v. Foy,* 35 N. C., 90; *Whittington v. Whittington,* 19 N. C., 64.

In *Tew v. Tew,* 80 N. C., 316; 30 Am. Rep., 84, it is held: "No husband can have the bonds of matrimony dissolved by reason of the adultery of the wife committed through his allowance, his exposure of her to lewd company, or brought about by the husband's default in any of the essential duties of the married life or supervenient on his separation without just cause," which holding plainly rests upon such conduct being fraud on the part of the husband, who will not be allowed to take advantage of his own wrong, and procure a release by reason of conduct of his wife instigated by himself. For, as is said in *Steel v. Steel,* 104 N. C., at page 636, citing *Tew v. Tew, supra,* the divorce can, in the words of The Code, Sec. 1285, be granted only "on application of the *party injured,*" which the husband would not be, if he were the cause of the misconduct of the wife.

But such conduct is not here pleaded in the answer, nor found by the jury, nor any issue offered, nor any prayers for instruction on that aspect, nor is it clear that the evidence would have justified the submission of such issue, if such matter had been pleaded.

The issues found make out a good cause for divorce against the wife and not against the husband, as our statute is framed, and it was error to refuse to render the judgment upon the verdict tendered by the plaintiff. The cause must be remanded to the end that judgment be signed for the plaintiff in accordance with the verdict.

Reversed.