Mrs. E. V. HOOPER v. J. O. HOOPER.

(Filed 26 November, 1913.)

1. **Husband and Wife — Action for Support — Issues—Divorce—Motions—Judgment.**

   In an action for support brought by the wife under the provisions of Revisal, sec. 1567, the inquiry is confined to only two material issues, the marriage and the separation. Hence, reasons or excuses of the husband for the separation are irrelevant to the inquiry, as the judgment is not final, and should he establish his right to an absolute divorce in his separate action, he may then move in proceedings of this character to have the judgment therein modified or set aside.

2. **Husband and Wife—Action for Support—Pleadings—Admissions —Formal Denials.**

   In proceedings brought for support by the wife under the provisions of the Revisal, sec. 1567, an admission in the answer of the husband that he had ceased to occupy a room with his wife or be with her at any place in privacy, and that he had notified his landlady that he would not be responsible for her board, is an admission of separation from his wife, though the allegation of separation in the complaint was formally denied in the answer.

APPEAL by defendant from *Lyon, J.,* at chambers, 4 March, 1913; from POLK.

This is a proceeding for support. The defendant asked that issues be submitted to a jury, which were refused, and he excepted.

164—1

He also offered affidavits containing charges of infidelity against his wife, which his Honor refused to receive, and he excepted.

After hearing evidence, judgment was rendered in favor of the plaintiff, and the defendant appealed.

*Fortune & Roberts for plaintiff.*
*Smith & Shipman for defendant.*

ALLEN, J.  This is a special proceeding for alimony, without divorce, brought under section 1567 of the Revisal.

The defendant admits the marriage, and while he denies the allegation of the petition as to separation, he says in his answer that he immediately ceased to occupy a room with his wife or to be with her at any place in privacy, and that in order to protect himself, he informed his landlady of his troubles and that from that time on he would not be responsible for his wife's board, and authorized her to so inform his wife and tell her his reasons, which is equivalent to an admission of a separation.

The statute is one solely for support, and it provides a remedy for the wife, "if any husband shall separate himself from his wife and fail to provide her with necessary subsistence."

It was, therefore, correctly held in *Skittletharpe v. Skittletharpe,* 130 N. C., 72, that only two material issues of fact can arise in the proceeding: "(1) as to whether the marriage relation existed at the time of the institution of the proceeding, (2) whether the husband separated himself from his wife," and also that the reasons and excuses of the husband for the separation are irrelevant to the inquiry.

If the plaintiff is guilty of the acts charged against her, the defendant may have his remedy in an action for divorce, and as the judgment in this proceeding is not final, he could then move to modify or set it aside.

In the *Skittletharpe case* the Court says: "It is not contemplated by the statute that the judgment should be final and conclusive; for should the husband return to the wife and resume his marriage relations and obligations, the necessity for such a provision would cease; or, should defendant institute a suit for divorce (which is not permitted by the statute to be done

until six months after obtaining the information for such cause of action) and obtain an absolute divorce, it is certain that he ought to be relieved from her further support, which could not be done with a final judgment binding upon the parties."

It follows, as there are no issues of fact raised by the pleadings requiring submission to a jury, and as the charges in the affidavits offered by the defendant are immaterial now, that there is no error in the proceedings in the Superior Court.

Affirmed.