ROBERT SANDERSON v. SUSAN SANDERSON.

(Filed 22 October, 1919.)

**Divorce—Action—Injured Party—Statutes.**

The consolidated statutes, ch. 238, sec. 8, Public Laws of 1919, requires, for the dissolution of marriages, that the application for divorce must be on the application of the injured party, on the several grounds enumerated, one of them (sub-sec. 5) in case of separation and living apart of the husband and wife for ten successive years, the plaintiff residing in

this State for that period; and where the husband sues for a divorce and it is established that his cruel and inhuman treatment had caused the separation, he is not the injured party and may not take advantage of his own wrong by obtaining a decree of divorce.

APPEAL by defendant from *Calvert, J.,* at the September Term, 1919, of ROBESON.

This action was instituted by plaintiff to obtain a divorce from his wife, the defendant, on account of ten years separation. The defendant answered and did not deny the separation, but set up that the same was caused by the cruel and inhuman treatment that she had received from the plaintiff, and that she was the injured party in such separation, and that the plaintiff ought not to be allowed to obtain a divorce from her and escape the marital obligation on account of his own wrong. These facts are established by the verdict, which finds that the defendant was the injured party in the separation.

The verdict of the jury was as follows:

1. Were the plaintiff and defendant duly married, as alleged in the complaint? A. "Yes."

2. Did the plaintiff and defendant live separate and apart continuously for ten successive years immediately preceding the institution of this action and the filing of the complaint? A. "Yes."

3. Has the plaintiff been a resident of the State of North Carolina for ten years next preceding the institution of this action? A. "Yes."

4. Was the plaintiff the injured party? A. "No; the defendant was the injured party."

The defendant moved for judgment on the verdict, which was refused, and the defendant excepted.

Judgment for the plaintiff and the defendant appealed.

*Johnson & Johnson for plaintiff.*
*McLean, Varser, McLean & Stacy for defendant.*

ALLEN, J. The appeal of the defendant presents the question for decision of the right of the husband to a divorce on the ground of a separation for ten years, when the separation has been brought about by his abandonment of his wife or by forcing her to leave him by his own misconduct.

The Consolidated Statutes, which went into effect. 1 August, 1919 (Pub. Laws 1919, ch. 238, sec. 8), provides, in chapter 30, section 5, that "marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, *on application of the party injured,* in the following cases:"

1. If the husband commits adultery.

2. If the wife commits adultery.

3. If either party, at the time of the marriage, was and still is naturally impotent.

4. If the wife, at the time of the marriage, is pregnant, and the husband is ignorant of the fact of such pregnancy and is not the father of the child with which the wife was pregnant at the time of the marriage.

5. If there has been a separation of husband and wife, and they have lived separate and apart for ten successive years, and the plaintiff in the suit for divorce has resided in this State for that period.

It is thus seen that all causes for divorce are collected in one section of one statute, and that the same condition is imposed as to each, that the divorce shall be granted "on application of the injured party," which, as the grounds for divorce are statutory, has been frequently held to mean that the party to the marriage contract, *who is in the wrong,* cannot obtain a divorce. *Whittington v. Whittington,* 19 N. C., 64; *Moss v. Moss,* 24 N. C., 56; *Foy v. Foy,* 35 N. C., 90; *Tew v. Tew,* 80 N. C., 316; *Setzer v. Setzer,* 128 N. C., 170; *House v. House,* 131 N. C., 140.

All of these cases, except *Moss v. Moss,* were cited and approved in *Page v. Page,* 161 N. C., 175, the Court saying, in conclusion: "No one will be allowed to take advantage of his or her own wrong. This maxim was applied to a case of divorce by *Judge Pearson,* in *Foy v. Foy, supra.* In the words of the statute, Code, sec. 1285; Revisal, sec. 1562, the application for the divorce must be made 'by the party injured,' and these words were construed, in *Steel v. Steel,* 104 N. C., 631, to mean that neither of the spouses is entitled to divorce if his or her marital fault provoked or induced the alleged misconduct of the other."

"We have the highest authority for the precept, 'that whosoever shall put away his wife, saving for the cause of fornication, *causeth* her to commit adultery'; which is not more obligatory as an injunction of revealed religion, than it is just and true as a proposition in the philosophy of the human mind and heart" (*Whittington v. Whittington, supra*), a principle embodied in the statute, which denies a divorce except to the injured party, and applied in the decisions of this Court.

The plaintiff insists, however, that the question has been decided differently in *Cooke v. Cooke,* 164 N. C., 272, and, as this is the last utterance of the Court, it destroys the effect of prior decisions, but an examination of the opinions in the *Cooke case* demonstrates that it does not question the correctness of the principle that one who is in the wrong cannot procure a divorce under a statute which gives the right of action to the injured party alone, and that the decision rests upon the ground that the cause for divorce on account of separation for ten years, as it then stood, was provided for in a separate statute, which did not have

in it the condition, "on application of the injured party," and that, although in form an amendment to the Revisal, the language of the statute was so explicit the Court was "not at liberty to interpolate or superimpose conditions and limitations which the statute itself does not contain." *Hoke, J.,* in the opinion of the Court.

*Brown, J.,* who cast the deciding vote, makes it clear that this was the reason moving him, as he says in a concurring opinion: "It is contended that the plaintiff must allege and prove that the plaintiff is the·injured party. There are no such words in the act, although they are and have been in the Revisal long prior to the act of 1907.

"I think those words plainly apply to those causes of action which grow out of the personal misconduct of the parties. They would be out of place in the act of 1907, and are entirely inconsistent with its spirit and purpose."

The *Cooke case,* then, conceding it was correctly decided, when considered in connection with the reasoning of the Court and the ground of the decision, does not militate against the principle announced in the earlier cases, and is no authority for the position that one who is in the wrong may now have a divorce on account of a separation of ten years since the statute, making this a cause for divorce, has been taken from its original setting and has been made a part of a statute, which gives no right of action except to the injured party.

The question decided in *Ellett v. Ellett,* 157 N. C., 162, was that there was error in the charge of the Court as to the degree of proof required on the seventh issue, and for this error a new trial was ordered on the whole case.

We are therefore of opinion the finding on the fourth issue prevents the plaintiff from obtaining the divorce sued for, and it would be a harsh and cruel rule to declare otherwise, as to do so would permit a husband to drive a loving, faithful wife from his home and refuse to permit her to return for ten years, and then reward his conduct by granting him a divorce because he and his wife had lived separate for ten years.

Reversed.