### J. B. DAWSON v. ADA DAWSON.

(Filed 7 April, 1937.)

**1. Divorce § 11—**

Upon application for alimony *pendente lite* the trial court is required to find the facts in order that the correctness of its ruling may be determined on appeal, and the granting of the application solely upon a finding that defendant was the owner of certain properties is error. C. S., 1666.

**2. Divorce § 13—**

Alimony without divorce, C. S., 1667, may be had only by independent suit, and application for alimony *pendente lite* may not be treated as application for alimony under this section.

APPEAL by plaintiff from *Spears, J.,* at November Term, 1936, of ONSLOW.

Civil action for divorce on ground of abandonment and two years separation.

The complaint alleges that plaintiff and defendant were married 22 October, 1921, and lived together as man and wife until July, 1934, when defendant abandoned the plaintiff without just cause, since which date they have not lived together; that the plaintiff is the injured party and has been a resident of North Carolina for more than twelve months next preceding the institution of this action.

Defendant filed answer, denied the material allegations of the complaint, except the fact of marriage, and set up, by way of further defense that on 2 November, 1935, "plaintiff demanded that the defendant leave his home and never to return," since which time plaintiff has failed and refused to contribute anything to her support; that defendant is without means to defend this action, whereas plaintiff owns considerable property; wherefore, defendant prays that the action be dismissed, and that she be awarded alimony *pendente lite* and counsel fees.

Upon motion for alimony *pendente lite* and allowance for counsel fees, the court found that the plaintiff was the owner of certain properties and ordered that he pay alimony in the sum of $15.00 per month and $50.00 counsel fees. From this order the plaintiff appeals, assigning error.

*D. E. Henderson and G. W. Phillips for plaintiff, appellant.*
*No counsel appearing for defendant.*

STACY, C. J. The defendant's motion for alimony *pendente lite* and counsel fees is not supported under C. S., 1666, either by sufficient allegations or adequate factual findings. *Vaughan v. Vaughan, ante,* 354; *Horton v. Horton,* 186 N. C., 332, 119 S. E., 490; *White v. White,* 179 N. C., 592, 103 S. E., 216; *Webber v. Webber,* 79 N. C., 572; *Miller v. Miller,* 75 N. C., 70. It was said in *Moore v. Moore,* 130 N. C., 333, 41 S. E., 943, that upon application for alimony *pendente lite* under C. S., 1666, "whether the wife is entitled to alimony is a question of law upon the facts found," reviewable on appeal by either party, and "the court below must find the facts." *Caudle v. Caudle,* 206 N. C., 484, 174 S. E., 304. Not until the facts are found can we determine the correctness of the ruling as a matter of law. *McManus v. McManus,* 191 N. C., 740, 133 S. E., 9.

Nor can the order be upheld as upon an application for alimony without divorce under C. S., 1667. This section "only applies to independent suits for alimony." *Skittletharpe v. Skittletharpe,* 130 N. C., 72, 40 S. E., 851; *Reeves v. Reeves,* 82 N. C., 348.

Error.