LAKE D. SHORE, BY HER NEXT FRIEND, DORA B. WELBORN, v.
P. M. SHORE.

(Filed 23 January, 1942.)

**1. Divorce §§ 2a, 13—**

In the wife's action for alimony without divorce under C. S., 1667, the husband cannot set up a cross action for divorce, since such cross action would defeat the wife's action at the threshold of the case, and the statute, by expressly providing the defenses which may be pleaded by the husband in such action, excludes all defenses not specified under the maxim *expressio facit cessare tacitum.*

**2. Appeal and Error § 47b—**

In this action by a wife for alimony without divorce under C. S., 1667, the husband was erroneously permitted to set up a cross action for divorce. *Held:* Since it cannot be determined that a partial new trial would not result in prejudice, a new trial is ordered.

SEAWELL, J., dissenting.

APPEAL by plaintiff from *Ervin, Special Judge,* at May Term, 1941, of DAVIDSON.

Civil action for alimony without divorce.

The facts, necessary to a decision, follow:

1. At the instance of the defendant and on affidavit filed by him 19 May, 1936, the plaintiff was adjudged insane and committed to the State Hospital at Morganton, where she stayed at intervals until 8 June, 1938, when she was released as "improved."

2. The plaintiff and defendant then went to the home of plaintiff's parents where they lived as man and wife until 29 August, 1938, when they separated under the terms of a written agreement and the defendant went to Thomasville to live, leaving the plaintiff at the home of her parents.

.3. This action was instituted 18 April, 1941, for alimony without divorce. An order was entered in the cause at the April Term, 1941, requiring the defendant to pay the plaintiff $35 per month as reasonable subsistence for herself and infant son until the issues in the case could be submitted to a jury.

4. Thereafter, on 14 May, 1941, the defendant filed answer, pleaded the 1938 deed of separation in bar of plaintiff's right to recover, and set up a cross action for divorce on the ground of two years separation.

5. When the case was called for trial at the May Term, 1941, the plaintiff first interposed a demurrer to the cross action and moved to dismiss the defendant's counterclaim. Overruled; exception.

The jury returned the following verdict:

"1. Were the plaintiff and the defendant married to each other, as alleged in the complaint? Answer: 'Yes'—by consent.

"2. Has the defendant separated himself from his wife, the plaintiff, and failed to provide her with the necessary subsistence according to his means and condition in life, as alleged in the complaint? Answer: 'Yes.'

"3. Did the plaintiff, on August 29th, 1938, have sufficient mental capacity to execute the Deed of Separation in controversy? Answer: 'No.'

"4. Was the execution of the Deed of Separation in controversy procured by duress practiced upon the plaintiff by the defendant? Answer: 'No.'

"5. Has the defendant been a resident of North Carolina for at least one year next preceding the institution of this action, as alleged in the answer? Answer: 'Yes.'

"6. Have the plaintiff and the defendant lived separate and apart from each other for at least two years next preceding the institution of this action, as alleged in the answer? Answer: 'Yes.'

"7. Did the defendant wilfully abandon the plaintiff without providing adequate support for her, as alleged in the complaint? Answer: 'No.' "

Judgment on the verdict (1) granting the defendant an absolute divorce, (2) relieving him from any further payments to the plaintiff under the previous order for subsistence, and (3) increasing slightly the allowance for the minor child, from which the plaintiff appeals, assigning errors.

*J. F. Spruill for plaintiff, appellant.*
*Carl C. Wilson and Phillips & Bower for defendant, appellee.*

STACY, C. J. The first question for decision is whether a husband can set up a cross action for divorce in a proceeding brought by his wife under C. S., 1667, for alimony without divorce. The decisions and provisions of the statute point to a negative answer.

We have held that this section, C. S., 1667, "only applies to independent suits for alimony," and may not be used by the wife as the basis of a cross action in a suit for divorce instituted by the husband. *Silver v. Silver, ante,* 191; *Dawson v. Dawson,* 211 N. C., 453, 190 S. E., 749; *Adams v. Adams,* 212 N. C., 373, 193 S. E., 274; *Skittletharpe v. Skittletharpe,* 130 N. C., 72, 40 S. E., 851; *Reeves v. Reeves,* 82 N. C., 348.

It was said in *Hooper v. Hooper,* 164 N. C., 1, 80 S. E., 64, "The statute is one solely for support." It provides a remedy for an abandoned wife to obtain support from the estate or earnings of her husband. "If any husband shall separate himself from his wife and fail to provide her and the children of the marriage with the necessary subsistence, . . . the wife may institute an action in the Superior Court," etc. In *Skittletharpe v. Skittletharpe, supra,* the "defendant's reasons and excuses for separating from his wife" were declared to be irrelevant and immaterial to the inquiry. True, this was said prior to the amendment of 1923 (ch. 52, Public Laws 1923), making it "competent for the husband to plead the adultery of the wife in bar of her right to such alimony." *Price v. Price,* 188 N. C., 640, 125 S. E., 264. Later, in *Hooper v. Hooper, supra,* it was pointed out that in respect of an unfaithful wife, "the defendant may have his remedy in an action for divorce, and as the judgment in this proceeding is not final, he could then move to modify or set it aside."

To permit the husband to set up a cross action for divorce in a proceeding brought by his wife under C. S., 1667, for alimony without divorce, would be to defeat the plaintiff's cause of action at the threshold of the case and remit the parties to whatever rights they may have under the cross action. If the wife is not allowed to cross complain against her husband for alimony without divorce in the husband's suit for divorce, because of the terms of the statute, and we have so held in a number of cases, by the same token the husband should not be allowed to cross complain against his wife for divorce in her action for alimony without divorce. The plaintiff's action is grounded on the existence of the marriage tie, and presupposes its continuance. The defendant's cross action admits its existence, and seeks to dissolve it. The issues are contradictory and the remedies inconsistent. See *Lykes v. Grove,* 201 N. C., 254, 159 S. E., 360. Moreover, it would seem that in a matter of this kind, the parties should be afforded a modicum of equality in treatment, and the statute apparently so provides: "Provided further, that in all applications for alimony under this section it shall be competent for the husband to plead the adultery of the wife in bar of her right to such alimony." *Expressio facit cessare tacitum. Reeves v. Reeves, supra.*

It is true that in an action for divorce, either absolute or from bed and board, it is permissible to set up a cross action for divorce, if accompanied by the requisite affidavit, etc. *Cook v. Cook,* 159 N. C., 46, 74 S. E., 639. But this is by virtue of other statutes, C. S., 519 and 522. *Smith v. French,* 141 N. C., 1, 53 S. E., 435. Here we are dealing with an act of Assembly complete within itself, which is not to be set at naught by the simple device of pleading.

In the light of the verdict, which may not be amended by setting aside a part of the issues and allowing the others to stand with assurance that no prejudice will result therefrom, *Bundy v. Sutton,* 207 N. C., 422, 177 S. E., 420; *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32, the thought has prevailed that a new trial should be ordered. Judgment accordingly.

New trial.

SEAWELL, J., dissenting: Plaintiff's objection to defendant's cross action cannot be taken by demurrer *ore tenus* when the cause comes on for trial, since the objection does not go to the statement of a cause of action or the jurisdiction of the court. C. S., 518; *Baker v. Garris,* 108 N. C., 219, 225, 13 S. E., 2; *Poovey v. Hickory,* 210 N. C., 630, 631, 188 S. E., 78; *Gurganus v. McLawhorn,* 212 N. C., 397, 183 S. E., 844. That question is therefore not properly before us, but under our liberal practice, and quite within the limits of our statute on procedure, the cross action should be entertained. C. S., 519, 521.

I am unable to find room for the Skittletharpian philosophy in the modern laws relating to the marital relations and their consequences, which in my judgment make a better "approach to reality.". In fact, separation under a deed in which the wife releases her marital rights has always been considered a good defense against an action for support. C. S., 1659 (a), makes such a separation, continuing for two years, a ground for absolute divorce. I can see no reason why a state of facts which would be a sufficient answer to the suit of the wife may not be pleaded as a cross action, nor where the law itself erects them into a ground for divorce. Nor do I see why the rights of the wife or any security which the statute ought to afford are invaded.

Of. the cases cited in the main opinion only the recently decided case of Silver v. Silver, ante, 191, supports the main opinion, and the decision in that case is frankly based on Adams v. Adams, 212 N. C., 373, 193 S. E., 274, and Dawson v. Dawson, 211 N. C., 453, 190 S. E., 749, in neither of which was the question raised.

The defendant, however, was certainly not entitled to recover in this action upon the issues decided, nor was the plaintiff. The answers to two issues respecting the conduct of the husband in separating himself from his wife are repugnant and show a confused state of mind on the part of the jury on that subject, and should not be determinative of the controversy. I think judgment should rest upon a clear and understanding deliverance by the jury on the questions at issue, and not upon what might be termed the mechanics of the trial.

The cause should be heard de novo.