Civil action for absolute divorce on the ground of two years separation.
The complaint, filed 7 March, 1942, alleges:
1. That plaintiff and defendant were married in March, 1936, and lived together as husband and wife until February, 1940, when they separated.
2. That plaintiff and defendant have lived separate and apart continuously for the past two years, and the plaintiff has resided in this State for a period of one year.
Wherefore, plaintiff prays that the bonds of matrimony be dissolved as provided by ch. 100, Public Laws, 1937.
Defendant filed answer 10 April, 1942, admitted the marriage and alleged that plaintiff and defendant lived together as husband and wife *Page 87 
from March, 1936, until the plaintiff wrongfully abandoned her in September, 1940. She also admitted the plaintiff's residence in the State for a period of one year, but denied that they had lived separate and apart within the meaning of the divorce laws.
In a further defense and cross action the defendant asked for alimony without divorce or subsistence and counsel fees under C. S., 1667, as amended.
The plaintiff filed motion to strike the further answer and cross action under authority of Silver v. Silver, 220 N.C. 191, 16 S.E.2d 834, and Shore v. Shore, 220 N.C. 802, 18 S.E.2d 353, which was allowed. Whereupon, the defendant instituted an independent action for subsistence and counsel fees, alleging wrongful abandonment, etc., on the part of defendant, and upon denial of liability and issues joined, the jury found that the defendant therein, plaintiff herein, had failed to provide his wife and their two children with necessary subsistence and that he had offered "such indignities to the person of the plaintiff (the wife) as to render her condition intolerable and life burdensome, without any fault of the plaintiff, as alleged in the complaint."
In the meantime a trial of the present action resulted in verdict and judgment for defendant, from which the plaintiff appealed, and a new trial was awarded for error in the charge. 222 N.C. 298.
Over objection of plaintiff, the defendant then applied to the court for leave to amend her answer and to set up in bar of the plaintiff's action the record in the case by the defendant for alimony without divorce.
The motion being allowed, the plaintiff interposed a demurrer to the plea in bar, which was overruled. From the two rulings, the plaintiff appeals, assigning errors.
The broad question for decision is whether an action for divorce may be maintained on the ground that "the husband and wife have lived separate and apart for two years" (ch. 100, Public Laws 1937), when it is shown and pleaded in bar that such separation was the result of the plaintiff's wrongful abandonment of the defendant and their two children, and his offering such indignities to the person of the defendant as to render her condition intolerable and life burdensome. Specifically, the question posed is whether the amended answer states a good plea in bar, admitting for the purpose the truth of the facts alleged. 17 Am. Jur., 267; 27 C. J. S., 625.
The history of the "separation" statute was given in part on the former appeal, reported in 222 N.C. 298, to which reference may be had *Page 88 
to avoids repetition. See, also, Brown v. Brown, 213 N.C. 347,196 S.E. 333.
Briefly, it may be recalled that the first separation statute in this State was a ten-year statute, enacted in 1907, ch. 89, Laws 1907.
In Cooke v. Cooke, 164 N.C. 272, 80 S.E. 178, it was held by a sharply divided Court, that the plaintiff in an action for divorce under the conditions named in the statute, as amended by ch. 165, Public Laws 1913, was entitled to a decree in his or her favor without reference to whether the plaintiff or the defendant was in fault in bringing about the separation, and that the time covered by a decree a mensa et thoro rendered in an action brought by the wife should not be excluded in computing the period of separation.
Thereafter, the Cooke case, supra, was rendered apocryphal by the recodification of the laws in 1919 — Consolidated Statutes — when the provisions of the separation statute were brought forward as subsection 4 of the general divorce section, C. S., 1659, which provides that "marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, on application of the party injured, in the following cases," naming them. (Italics added.) This was so declared in the cases ofSanderson v. Sanderson, 178 N.C. 339, 100 S.E. 590, and Lee v. Lee,182 N.C. 61, 108 S.E. 352.
The law remained in this condition, in respect of the "party injured," until the enactment of ch. 72, Public Laws 1931, in which it was provided: "Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, on application of either party, if and when there has been a separation of husband and wife, either under deed of separation or otherwise, and they have lived separate and apart for five years," etc. (reduced to two years by ch. 163, Public Laws 1933). And further: "That this act shall be in addition to other acts and not construed as repealing other laws on the subject of divorces."
In two cases arising under the 1931 Act, as amended in 1933, it was held that the applicant for divorce need not be "the injured party." Long v.Long, 206 N.C. 706, 175 S.E. 85; Campbell v. Campbell, 207 N.C. 859,176 S.E. 250. In neither of these cases, however, was there a plea in bar based on the wrong of the applicant. The principle really applied was that stated by Avery, J., in Steel v. Steel, 104 N.C. 631, 10 S.E. 707: "The plaintiff is not held bound to anticipate and negative in advance all ground of defense to the action he brings, and petitions for divorce do not constitute an exception to the general rule."
Then came the case of Parker v. Parker, 210 N.C. 264, 186 S.E. 346, decided 15 June, 1936, in which it was held that "while the applicant need not be the injured party, the statute does not authorize a divorce where the husband has separated himself from his wife, or the *Page 89 
wife has separated herself from her husband, without cause and without agreement, express or implied."
Following this decision, the General Assembly of 1937 again amended the law so as to read: "Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on application of either party, if and when the husband and wife have lived separate and apart for two years, and the plaintiff in the suit for divorce has resided in the State for a period of one year." And further: "That this act shall be in addition to other acts and not construed as repealing other laws on the subject of divorce." Ch. 100, Public Laws 1937. The section will appear in the General Statutes of 1943 as G.S. 50-6.
The plaintiff brings his action under the 1937 law. We have held in at least three cases that, notwithstanding the broad language of the separation statute, a husband may not ground an action for divorce on his own criminal conduct toward his wife. Reynolds v. Reynolds, 208 N.C. 428,181 S.E. 338; Brown v. Brown, 213 N.C. 347, 196 S.E. 333; Hyder v.Hyder, 215 N.C. 239, 1 S.E.2d 540. No civil rights can inure to one out of his own violation of the criminal law. Lloyd v. R. R., 151 N.C. 536,66 S.E. 604. It may be noted that in the Hyder case, supra, the defendant alleged a willful or criminal abandonment on the part of the plaintiff, whereas the issue which the jury answered in the affirmative was: "Did the plaintiff wrongfully abandon the defendant, as alleged in the answer?" The judgment denying the plaintiff a divorce on this issue was upheld on appeal.
We have also held that when the misconduct of the complaining party in an action for divorce a mensa et thoro is calculated to and does reasonably induce the conduct of the defendant, relied upon in the action, he or she, as the case may be, will not be permitted to take advantage of his or her own wrong, and the decree of divorcement will be denied. Page v.Page, 161 N.C. 170, 76 S.E. 619. It is to be observed, however, that this was said in a case arising under the section which gives a right of action only to the "party injured." C. S., 1660. And it has been said that the "party injured" means the party "wronged by the action of the other,"Lee v. Lee, supra, or "that the party to the marriage contract, who is inthe wrong, cannot obtain a divorce." Sanderson v. Sanderson, supra. It may also be pointed out that expressions appearing in an opinion are to be interpreted in connection with the factual situation under review. LightCo. v. Moss, 220 N.C. 200, 17 S.E.2d 10. For example, the expression used on the former appeal in this case "that the bare fact of living separate and apart for the period of two years, standing alone, will not constitute a cause of action for divorce," should be viewed in the light of its setting, and construed accordingly. It was not intended as a delimitation of the statute. Likewise, the statement in Hyder v. Hyder, *Page 90 supra, that "a husband is not compelled to live with his wife if he provides her adequate support," should be understood as having been used in connection with what constitutes a willful abandonment under C. S., 4447. So, also, the quotation in Oliver v. Oliver, 219 N.C. 299,13 S.E.2d 549, that "separation as applied to the legal status of husband and wife means . . . a cessation of cohabitation of husband and wife, by mutual agreement," should be noted as having been employed in reference to the theory advanced by the plaintiff in the case that the parties had mutually agreed to separate. "Every opinion, to be correctly understood, ought to be considered with a view to the case in which it was delivered" — Marshall, C. J., inU.S. v. Burr, 4 Cranch., 469.
The cases holding that in an action for divorce a vinculo matrimonii, a plea in bar will not be sustained where the misconduct of the plaintiff falls short of such as would also constitute cause for absolute divorce are not in point. 17 Am. Jur., 269; 27 C. J. S., 625; Anno. 39 L.R.A. (N.S.), 1135. The defendant's plea is not technically one of recrimination, though it may be in genere, of kindred nature, or of like kind. Pharr v.Pharr, post, 115. Here, the very act of living separate and apart for two years, upon which the plaintiff bases his cause of action, was of his own wrongdoing. In other words, the plaintiff seeks to profit by his own tort. One in flagrante delicto is not permitted to recover in the courts. The courts are open for the determination of rights and the redress of grievances, but not for the rewarding of wrongs. To "do justly" and to "render to each one his due," suum cuique tribuere, are the first commands of the law.
It is an accepted principle in the law of domestic relations that an applicant will not be granted a divorce because of a condition — which within itself may be a statutory cause for divorce — when it affirmatively appears that such condition was brought about by the applicant's own wrong. Pierce v. Pierce, 120 Wn. 411, 208 P. 49. The law generally forbids redress to one for an injury done him by another, if he himself first be in the wrong about the same matter whereof he complains. The maxim is, "in pari delicto potior est conditio defendentis."
10 R. C. L., 353. No one is permitted to profit by his own fraud, or to take advantage of his own wrong, or to found a claim on his own iniquity, or to acquire any rights by his own crime. 1 R. C. L., 317. "No court will lend its aid to a party who founds his claim for redress upon an illegal act" — Swayne, J., in The "Florida," 101 U.S. 43.
It is true, the statute under review provides that either party may sue for a divorce or for a dissolution of the bonds of matrimony, "if and when the husband and wife have lived separate and apart for two years," etc. However, it is not to be supposed the General Assembly intended to authorize one spouse willfully or wrongfully to abandon the other for *Page 91 
a period of two years and then reward the faithless spouse a divorce for the wrong committed, in the face of a plea in bar based on such wrong.Woodruff v. Woodruff, 215 N.C. 685, 3 S.E.2d 5; Sanderson v.Sanderson, supra; Whittington v. Whittington, 19 N.C. 64. Nor is it to be ascribed as the legislative intent that one spouse may drive the other from their home for a period of two years, without any cause or excuse, and then obtain a divorce solely upon the ground of such separation created by the complainant's own dereliction. McGarry v. McGarry, 181 Wn. 689,44 P.2d 816. Out of unilateral wrongs arise rights in favor of the wronged, but not in favor of the wrongdoer. One who plants a domestic thornbush or thistle need not expect to gather grapes or figs from it.
So much for the factual averments of the plea in bar as contained in the complaint filed in the maintenance suit and here set up in defense, which are deemed to be true for purposes of the demurrer.
When we come to the defendant's position in respect of estoppel by record or res judicata, however, quite a different question is presented.Medlin v. Medlin, 175 N.C. 529, 95 S.E. 857; Brown v. Brown, 205 N.C. 64,169 S.E. 818; Price v. Edwards, 178 N.C. 493, 101 S.E. 33; 30 Am.Jur., 925. While the plaintiff there, defendant here, alleged an unlawful abandonment on the part of the plaintiff herein, this issue was not determined in the maintenance suit. The jury found in that action that the defendant there, plaintiff here, had failed to provide his wife and their two children with necessary subsistence according to his means and condition in life, and that he had offered such indignities to the person of the wife as to render her condition intolerable and life burdensome, without any fault on her part, as alleged in the complaint. But no issue was submitted to the jury in respect of the character of the separation. Its determination was not essential to the purposes of that suit. Indeed, in Skittletharpe v. Skittletharpe, 130 N.C. 72, 40 S.E. 851, it was said that in an action under C. S., 1667, the "defendant's reasons and excuses for separating from his wife . . . were irrelevant and might have been stricken out upon motion." See Byerly v. Byerly, 194 N.C. 532,140 S.E. 158.
What effect this circumstance of placing the character of the separation in issue in that suit, without immediate disposition, may have upon the future course of the litigation cannot now be determined. See Ellis v.Ellis, 190 N.C. 418, 130 S.E. 7; 30 Am. Jur., 927; Case Mfg. Co. v.Moore, 144 N.C. 527, 57 S.E. 213, 10 L.R.A. (N.S.), 734, 119 M. St. Rep., 983. At present we are concerned only with the plaintiff's demurrer. The record in the maintenance suit would be conclusive as evidence, so far as it goes. Southerland v. R. R., 148 N.C. 442, 62 S.E. 517; Medlin v.Medlin, supra. If good in any respect or to any *Page 92 
extent, the plea is not to be overthrown by demurrer. Pharr v. Pharr,supra; Blackmore v. Winders, 144 N.C. 212, 56 S.E. 874. An order for support, either pendente lite or under C. S., 1667, without more, would not perforce defeat an action for divorce under ch. 100, Public Laws 1937.Lockhart v. Lockhart, post, 123; Briggs v. Briggs, 215 N.C. 78,1 S.E.2d 118; Holloway v. Holloway, 214 N.C. 662, 200 S.E. 436; Dyer v.Dyer, 212 N.C. 620, 194 S.E. 278; Howell v. Howell, 206 N.C. 672,174 S.E. 921; S. c., ante, 62; Ellett v. Ellett, 157 N.C. 161,72 S.E. 861. Such an order is not final, and may be modified or set aside on a showing of changed conditions. C. S., 1666; White v.White, 179 N.C. 592, 103 S.E. 216; C. S., 1667; Hooper v. Hooper,164 N.C. 1, 80 S.E. 64.
The demurrer was properly overruled, and the discretionary ruling on defendant's motion to amend her pleading is not reviewable on appeal. C. S., 547. The result is an affirmance of the judgment.
Affirmed.