Case 72.—ACTION BY JOHN STEVENS AGAINST HULDA
STEVENS FOR DIVORCE.—Oct. 16.

## Stevens v. Stevens.

123   545
f137   832

Appeal from Jefferson Circuit Court (Chancery Branch, 2d Division.)

STERLING B. TONEY, Judge.

Judgment for Defendant.   Plaintiff appeals.   Affirmed.

1. Divorce—Answer—Under Civ. Code Prac. Sec. 95, providing that an answer may contain "(1) a traverse; (2) a statement of facts which constitute an estoppel against, or avoidance of, a cause of action stated in the petition"—the answer. in an

action for divorce on the ground that the parties had lived apart for five years, may state that the separation had been on account of paintiff's absence, ostensibly in seacrh of work and that during such time defendant furnished him money, and urged him to return, and he promised to do so, and she relied on the promise, but he failed to keep it, though the same facts would have been provable under a proper traverse.

2. Same—Living Apart for Five Years—To authorize a divorce on the ground that the parties have lived apart for the last five years, there must have been some act or statement by the party not in fault signifying an intention to cease living with the other; and mere absence of the husband on the pretense of seeking employment, without notice to the wife of any other purpose, is not enough.

KINNEY & FITZGERALD for appellant.

1. We are complaining that the chancellor erred against the law and evidence in refusing to appellant the divorce a vinculo matrimonii prayed by him in his petition.

2. We concede and urge that this court should not reverse a judgment refusing a divorce unless the ground relied upon has been established by the evidence, (Reynolds v. Reynolds, 7 Ky. Law Rep., 443) and that it should adhere to the opinion of the chancellor on matters of fact when the evidence is not clear. (Simpson v. Simpson, 10 Ky. Law Rep., 116.)

3. In the case at bar we respectfully but firmly assert there can be no question that the ground relied upon has been established by the evidence. It is practically conceded. The ground relied upon is that appellant and appellee "have been living separate and apart for more than five (5) years last past without any cohabitation between them.

### AUTHORITIES CITED.

Springer v. Springer, 54 S. W., 710; Turner v. Turner, 62 S. W., 1022; Morrison v. Morrison, 10 Ky. Law Rep., 683; Richardson v. Richardson, 13 Ky. Law Rep., 93; Thornberry v. Thornberry, 4 Litt., (14 Ky.), 252; Maguire v. Maguire, 7 Dana, (37 Ky.), 182; Ky. Stats., Section 2117; Clark v. Clark, 53 S. W., 644; DeJarnett v. DeJarnett, 5 Dana, 499, (35 Ky.)

PATRICK CURTIS for appellee.

1. The appellant wholly misconcieves the defense of the appellee, and misunderstands the reason for the judgment of the inferior court.

2. It was and is conceded that the parties were not living together the years mentioned.

Stevens v. Stevens.

3. The fact set up in her answer and proved by the evidence is that though they were not living together they had not separated. That the appellant by his business—or want of business—following the races—lived at a distance from appellee ,and that whenever he wanted he called upon appellee for assistance; that by his correspondence and his requests for aid, he kept the appellee in a constant state of expectation of his return to home and duty, which was not broken until he filed this suit for a divorce on April 2, 1903.

4. This was the first time appellee had noticed that appellant was about to separate from her. During the years of waiting and hoping she kept the door open, the light in the window, the chair at the table for him. His conduct gave her every reason to believe that he would finally come back and take his place in the household But it may be said that to wait ten years was a sufficient notice to her. He who says that, little knows the faith, devotion and loving heart of a true wife. She would wait an eternity for him, and still wait and hope until hope was crushed by the blow of an avowed separation. She married when but sixteen years of age; she gave him her heart, fragrant with the roses of a young love, that for over forty years have not lost their perfume.

### AUTHORITIES CITED.

Maguire v. Maguire, 7 Dana, 182; Ky. Statutes, Sec. 2121; Morrison v. Morrison, 10 Ky. Law Rep., 683; Thornberry v. Thornberry, 4 Litt., 252; DeJarnett v. DeJarnett, 5 Dana, 499; Clark v. Clark, 53 S. W., 644; Springer v. Springer, 54 S. W., 710; Reynolds v. Reynolds, 7 Ky. Law Rep., 443; Ky. Statutes, Secs. 750, 950 and 2121.

OPINION BY JUDGE LASSING—Affirming.

Plaintiff, John Stevens, filed his petition in the Jefferson circuit court in April, 1903, against his wife, Hulda Stevens, seeking divorce from her on the grounds of their having lived separate and apart for more than five years last past, without any cohabitation between them. To this petition the wife, Hulda, filed her answer, admitting their marriage in 1863, but denying that they had lived separate and apart more than five years last past, without any cohabitation between them, and alleging affirmatively that she had at all times, and always, lived as plaintiff's wife and subject to his command. She says it is true that they

have been separated for several years on account of her husband's being from home, ostensibly in search of work; that during all of this time, since he first went away for that purpose in 1892, she has furnished him money from time to time, the result of her own labor; that she has, during these years, followed him to other cities and urged him to return with her, and that he promised to do so, but he failed to keep his promise and return to her, or to do anything towards supporting her; that she continued to rely upon his promise to return to her, and has at all times been ready and willing to do and perform all the duties which a wife owes her husband, and prays for an allowance pending the litigation, as she is without means and sick. Plaintiff moved the court to strike out of the answer all the affirmative matter contained therein, and to strike the answer from the files, both of which motions were overruled. Thereupon the defendant filed an amended answer and counterclaim in which she set up the fact that plaintiff had abandoned her for more than one year without any fault on her part, and that he had habitually behaved toward her, for not less than six months, in such a cruel and inhuman manner as to indicate a settled aversion to her and destroy permanently her peace and happiness, and prayed that the petition of plaintiff be dismissed, and that she be given judgment a mensa et thoro against the plaintiff, for costs, reasonable attorney's fee and all proper relief. Plaintiff replied, denying the affirmative matter of the answer as amended. The proof shows that plaintiff and defendant had been married about 40 years at the date of the filing of the suit for divorce; that they had four children, all of them married; that for from 10 to 15 years before the filing of the suit plaintiff had been very improvident, and had gone over the country presumably in search of work. His wife had followed him to various places, and had

at all times manifested a great deal of interest in her husband's movements.   She had furnished him means out of the savings from her work to enable him to live whilst seeking employment. Since 1892, plaintiff has not lived with or in anywise provided for the support of his wife, nor have they, within five years last past, as testified to by two of their children, cohabited together.   During this time plaintiff has promised to return to his wife.  She has followed him in person or by letter over the country wherever he went, has sent him money from time to time as he requested it, even selling the silver plate given her on the twenty-fifth anniversary of their wedding, to supply him with money. These are the facts proven, and upon this proof the court rendered a judgment dismissing the petition for divorce and granting the wife a divorce from bed and board, and allowed her alimony, and from this judgment the plaintiff appeals.

Three erorrs are complained of by appellant: First, that the chancellor erred in overruling his motion to strike from the answer certain words designated in his motion; second, in failing to sustain his exceptions to the depositions taken by appellee; and third, that the judgment of the chancellor was contrary to the law and the evidence.

It is true that, as the petition set up, as the ground for the relief asked, that plaintiff and the defendant had been living separate and apart for more than five years last past without any cohabitation between them, defendant might have contented herself with a traverse of the allegations of the petition; but, as provided in section 95 of the Civil Code of Practice, she may also, where it is necessary to present her entire defense, plead other matter constituting an estoppel or avoidance.   We are of opinion that the matter complained of, and which plaintiff sought to have stricken from the answer, was necessary, if true, to present her entire defense to plaintiff's petition,

and the court properly refused to strike such matter from the answer, or to strike the answer from the files.

. The record does not disclose the fact that the chancellor passed upon the exceptions filed by appellant to the depositions taken by appellee, and, having failed to sustain or overrule them, the depositions complained of remained in the case, and doubtless were considered by the chancellor in arriving at his judgment. We are of opinion that the testimony in the depositions complained of, were material, tended to support the allegations set forth in appellee's answer, and the trial court should have overruled the exceptions filed thereto.

We come now to the third error complained of, which is that the judgment refusing the divorce and dismissing the petition is contrary to the law and the evidence, and appellant relies upon the case of Clark v. Clark, 53 S. W. 644, 21 Ky. Law Rep. 955. This case, however, differs in one material respect from that of Clark v. Clark. In this case appellant left home ostensibly in search of employment. Appellee had no notice whatever that it was the intention of appellant to cease living with her. On the contrary, by her every act and deed it is clearly manifest that she took the opposite view, and expected him either to return to her, or, upon obtaining permanent employment to send for her. He does not attempt to show that she was in anywise at fault. In the Clark Case it is evident the wife abandoned the husband because of misconduct on his part, and the court in that case held that, even though he were in fault, if they had lived separate and apart for five years, without cohabitation, the court should grant the divorce. But there was in that case—as there must of necessity be in every case where a decree is granted—some act done, or statement made, by the party not in fault signifying an intention to cease

Stevens v. Stevens.

living with the other party. Otherwise a designing husband, desiring to rid himself of his wife and having no meritorious ground, could go abroad, and under the guise of seeking knowledge or wealth, could remain away from his wife for a period of five years or more, and then return, institute his proceeding, and be divorced upon the ground of having lived separate and apart from his wife the statutory length of time, although his wife may have been waiting all the while for his return to their home, and have had not the slightest notice of his intention not to do so. This court has held that the husband is not entitled to a divorce from his wife on the ground of abandonment where she has become a lunatic and is confined in the asylum for five years (Pile v. Pile, 94 Ky. 308, 15 Ky. L. R. 88, 22 S. W. 215), for in this case the court properly held that there was no legal, although an actual, separation, because the mind of the wife being impaired, she could not know they were living separate and apart. The statute clearly means that in computing the five years next before the commencement of the suit each party must have notice by some word, act, or deed of the other that he or she, as the case may be, intends no longer to live with the other, as in the case of Clark v. Clark where, for some fault on the husband's part, the wife abandoned him and refused to longer live with him, or as in the case where the husband, for some violation of his country's laws, is convicted and confined in the penitentiary for life. In such a case the wife, after the expiration of five years from the date of his conviction, would be entitled to a divorce on this ground. But we are unable to find any case, anywhere, which supports the contention of appellant that he could leave the home of his wife under the guise of seeking employment, and in this way remain away from her for five years, or any number of years, and make it a ground for divorce. The fact that he was away from her will not

be construed as a separation from, or a living apart from, his wife within the meaning of the statute. The first notice that the wife had, so far as the proof in this case shows, that appellant considered himself as living separate and apart from her was the filing of his petition seeking a divorce. He cannot, and should not now, be permitted by his own wrongful acts to so distort the facts as to manufacture grounds upon which a court of equity would divorce him from his wife.

For the reasons given, the judgment is affirmed.