CASE 103.—SUIT BY WILLIAM T. HALE AGAINST ISABELLA
K. HALE FOR DIVORCE.—April 26, 1910.

## Hale v. Hale

Appeal from Jefferson Circuit Court (Chancery
Branch, First Division).

SHACKELFORD MILLER, Judge.

From a judgment denying a divorce   defendant
appeals, plaintiff taking a cross-appeal.—Reversed.

Divorce—Grounds—Living Apart.—Under Ky. St. section 2117, au-
thorizing divorce for "living apart without any cohabitation
for five consecutive years," it will be granted therefor; the
evidence showing that when they parted both parties con-
templated a final separation as things then stood.

JAS. T. A. BAKER for appellant.

W. H. FIELD and J. C. DODD for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Re-
versing.

Isabella K. Hale and William T. Hale were mar-
ried in December, 1901.   They lived together until
August 11, 1903, when she went to her mother's, and
has not since returned to her husband's home.   On
August 14, 1908, he brought this suit against her for
divorce, alleging as ground therefor that they had
lived separate and apart without any cohabitation
five consecutive years next before the filing of the
petition.   She filed an answer, in which she alleged
that at the time she left her husband she was sick,
and was sent by him to her mother's on a visit to

recover her health, he promising that, as soon as she was well, he would send for her, and would pay for her support and maintenance while she was away; that she had been at all times willing- and anxious to return home; that he had failed to send for her, or to send her any money, except after the first few months. She made her answer a counterclaim, charging that without fault on her part he had abandoned her for more than a year, and had behaved toward her in such a cruel and inhuman manner for not·less than six months as to indicate a settled aversion to her, destroying permanently her peace and happiness. She prayed a divorce from him, and alimony. Proof was taken, and on final hearing of the case the circuit court dismissed both the petition and the counterclaim. From this judgment, the wife has appealed, and the husband has taken a cross-appeal.

Section 2117, Ky. St. provides that a divorce may be granted to either husband or wife for the following cause: "Living apart without any cohabitation for five consecutive years next before the application." Construing this statute in Stevens v. Stevens, 123 Ky. 545, 96 S. W. 811, 29 Ky. Law Rep. 953, we said: "The statute clearly means that, in computing the five years next before the commencement of the suit, each party must have notice, by some word, act, or deed of the other, that he or she, as the case may be, intends no longer to live with the other." There is in the record evidence of declarations by the husband indicating that when his wife went to her mother's it was not for the purpose of a final separation; but the circumstances, as shown by the proof, leave no doubt that, while the parties for appearances' sake, did not disclose to some persons that things were as bad as they were, they both con-

Hale v. Hale.

templated a final separation as things then stood. The husband and wife had not occupied the same room for some months. He had told her that she must leave the house or he would. She had consulted a minister to know whether, on scriptural grounds, it was right for a wife to leave her husband, and he had told her that he thought it was. She had had similar consultations with others of her friends. She had taken away from the house her bridal presents and things of her personal belongings, showing an intention not to return there. The parties have now lived apart something like seven years, and from all the facts in the record we conclude that the interests of both require that the divorce should be granted. It is unnecessary for us to recite the evidence as to the trouble between them, or what was the cause of it, or who was to blame. The divorce should be granted on the ground of five years' separation.

As to the alimony, it is perfectly plain from the record that the husband sent his wife away, and that he had refused to occupy the same room with her for some months before he sent her away. Without reciting the evidence, we are satisfied from the proof that he was not without fault. He appears to have no property, except his earnings, and these are small. In view of all the facts, we fix the alimony of the wife at $1,000, payable in sums of $25 a month on the 1st day of each month; the first payment to be made on the 1st of the month next following the entry of the judgment, and the others, respectively, on the 1st of each month thereafter, until the sum of $1,000 is paid, and, if any payment is not made, it may be enforced by process of contempt. If she should marry, the payment of installments thereafter

falling due will not be enforced. The husband will also be adjudged to pay the cost of this suit, including a reasonable attorney's fee to the wife's attorney; but no taxed attorney's fee will be allowed in addition, either in this court or in the circuit court. The court will allow the cost to be paid in reasonable monthly installments, considering appellee's earnings.

Judgment reversed, and cause remanded for further proceedings consistent herewith.