[No. 12113. Department One. January 27, 1915.]

M. T. MALONEY, *Appellant,* v. LOUISE L. MALONEY,
*Respondent.*[1]

DIVORCE—GROUNDS—ABANDONMENT—JUSTIFICATION. A husband is
not entitled to a judgment of divorce on the ground of abandonment
on evidence that he and his wife had lived separate and apart for
a few years, where it appears that the wife, while objecting to a
divorce, had sufficient cause in living apart from the fact that the
husband had taken up with another woman whom he wished to
marry, and with whom he sustained illicit relations; since the aban-
donment must be voluntary and without justification; nor would
abandonment be shown by refusing a reconciliation which was not
offered in good faith.

SAME—INABILITY TO LIVE TOGETHER. The fact that a husband and
wife have hopelessly drifted apart and can no longer live together
as man and wife, is not ground for granting a divorce to the hus-
band, where the conditions were due solely to his wrongful acts.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered December 11, 1913, upon find-
ings in favor of the defendant, in an action for divorce. Af-
firmed.

*Daniel Landon* and *Gay & Kelleran,* for appellant.

*Arthur E. Griffin* and *Arthur R. Griffin,* for respondent.

CROW, J.—This is an action for divorce. The plaintiff,
M. T. Maloney, alleged, that he and the defendant, Louise L.
Maloney, were married in 1882; that three children were born
to the marriage, two, a son and a daughter, now of the age
of majority, and the third, a son, now about sixteen years of
age; that plaintiff and defendant have lived separate and
apart for more than one year last past; that defendant
abandoned plaintiff without cause, and that there is an in-
compatibility of temperament between the parties. Defend-
ant, answering, admitted that she and plaintiff had lived
apart for more than one year, but denied that she had

[1]Reported in 145 Pac. 631.

abandoned plaintiff. For affirmative answer, she alleged that, for more than three years last past, plaintiff had wrongfully abandoned her; that he had refused to provide for her; that he had refused to support her children, and that she has no property or means of support. The relief for which she prays is that the appellant be required to pay her $75 per month for the maintenance of herself and children, and that she recover a reasonable attorney's fee and costs.

The trial court found that the defendant had not abandoned plaintiff, but that, for more than three years last past, he had wrongfully abandoned her; that he is able to support defendant and her minor child; that, at times in the past, he has done so; that, at other times, he has failed and refused to support them, and that the sum of $40 per month is a just and reasonable sum to be allowed the defendant for the support and maintenance of herself and her minor child. Upon these findings, a judgment was entered whereby it was ordered that plaintiff's prayer for a divorce be denied, that he be ordered and directed to pay $40 per month to defendant for the support and maintenance of herself and minor child, and that he pay the costs of the action. From this decree, the plaintiff has appealed.

Appellant makes several assignments of error, but the only contention which he presents in his brief is that the trial court should have awarded him a decree of divorce on the ground of abandonment and imcompatibility. While it is true that the parties had lived separate and apart for some years prior to the commencement of this action, there is not evidence sufficient to show that respondent abandoned appellant, or that she had lived separate and apart from him wrongfully and without sufficient cause. Appellant himself admitted, when testifying, that he had become enamored of another woman; that he had taken a trip to California with her; that he had taken her to public entertainments, and that he had frequently told his wife he was in love with the other woman and wished to marry her. Respondent testified to his

admission that he had sustained illicit relations with the woman, and that his conduct in that regard was the sole occasion of trouble between appellant and herself. Respondent in open court stated that she did not want a divorce, and resisted any decree being granted to appellant. She asks only separate maintenance, which was granted by the trial court.

Appellant contends that the facts disclosed by the evidence show he was deserted by respondent, and that they cannot live together as husband and wife. To sustain an order granting a divorce on the ground of abandonment, it must appear that there has been a voluntary abandonment of one spouse by the other,· without the former's consent, without justification, and without the intention of returning, and that such abandonment must continue for the period of one year. In other words, it must appear that the absence of the spouse accused of abandonment is not justified by the conduct of the other spouse. Appellant's own admissions, which are in harmony with the evidence of his wife, are sufficient to show that, if the respondent did leave him as he contends, her action in so doing was neither wrongful nor unjustifiable. She objects to a divorce. There is no act of hers which entitles him to a decree. To grant him a decree against her protest would place a premium upon his wrongdoing, and punish her.

Appellant contends that he repeatedly sought a reconciliation, which respondent refused. His argument that he is now entitled to a decree is predicated on the assumption that, if one spouse seeks a reconciliation and the other refuses, the latter is guilty of abandonment. There is no evidence that he repented of his course of conduct toward the other woman, that he ceased his improper attentions to her, or abandoned his desire to marry her. On the contrary, it would seem that his efforts for a reconciliation, if any, were made for the express purpose of supporting his contention that he had been abandoned by his wife, so that he might secure a decree for that cause. The record does not indicate good faith on his part in this regard. While the law encourages reconciliation

and resumption of marital relations between estranged spouses, it does not enforce condonation, nor require that a wife who declines to live with a husband who has been guilty of adultery and other matrimonial offenses, shall herself be deemed guilty of abandonment. *Bovaird v. Bovaird*, 78 Kan. 315, 96 Pac. 666.

Appellant argues that he and respondent have hopelessly drifted apart; that they have been alienated from each other, and that it is impossible for them to live together as husband and wife. He cites *Spute v. Spute*, 74 Wash. 665, 134 Pac. 175, and contends that it is authority for a decree in his favor. We find no resemblance between the facts of that case and the facts before us. While it may be conceded that appellant and respondent have drifted hopelessly apart, that condition in no way is due to any act or misconduct of respondent, but is entirely due to appellant's wrongdoing, and the trial court so found. This being true, she should neither be punished nor placed in a wrong light by having a decree of divorce entered in favor of appellant and against her.

The judgment is affirmed.

MORRIS, C. J., CHADWICK, and PARKER, JJ., concur.