[No. 17046. *En Banc.* June 15, 1922.]

HENRY J. PIERCE, *Respondent,* v. VIOLETTA E. PIERCE, *Appellant.*[1]

DIVORCE (8)—GROUNDS—LIVING SEPARATE AND APART—"INJURED PARTY"—STATUTES—CONSTRUCTION. Under Rem. Comp. Stat., § 982, specifying, as one of the grounds for granting a divorce to the "injured party," living separate and apart for five consecutive years, the husband cannot be granted a divorce on that ground, where the separation was due wholly to his fault and was not consented to by the wife.

SAME (8)—DEFENSES—FAULT OF PLAINTIFF. Rem. Comp. Stat., § 982, providing that divorce may be granted on application of the "injured party" is but declaratory of the common law of divorce that a divorce will be denied where the plaintiff is solely at fault.

Appeal from a judgment of the superior court for King county, French, J., entered October 18, 1921, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Reversed.

*Graves, Kizer & Graves,* for appellant.

*Kerr, McCord & Ivey (Samuel H. Piles,* of counsel), for respondent.

[1]Reported in 208 Pac. 49.

PARKER, C. J.—The plaintiff, Henry J. Pierce, seeks a decree of divorce dissolving the bonds of matrimony existing between him and the defendant, Violetta E. Pierce. He commenced the present action in that behalf in the superior court for King county in June, 1921, following the going into effect of ch. 109 of the Laws of 1921, p. 331, amending our statute prescribing the causes for divorce. He claims the right to a decree of divorce from the defendant upon the sole ground that they have lived separate and apart for a period of more than five consecutive years immediately preceding the commencement of this action. While by his complaint he seems to allege in effect that such living separate and apart from each other is the result of their mutual consent, his counsel has, throughout the progress of the case, both in the superior court and in this court, proceeded upon the theory that he is entitled to a decree of divorce regardless of the cause or fault of their living separate and apart for the period of more than five years. The defendant, while admitting they have lived separate and apart for more than five years, resists the granting of a divorce, upon the ground that their separation has at all times been, and now is, wholly the result of the plaintiff's own election and fault, and against her will and consent. A trial in the superior court resulted in a decree awarding the plaintiff a divorce as prayed for; from which the defendant has appealed to this court.

There was tendered in behalf of the defendant, upon the trial in the superior court, evidence which we regard as conclusively showing that the living of these parties separate and apart has at all times been against the will and consent of the defendant, and without fault on her part, and wholly the result of the election and fault of the plaintiff. While this evidence was

received and made of record in the case by the trial court—evidently to the end that it might be considered by this court if, upon appeal, found relevant and material—the trial court held it to be irrelevant and immaterial in view of the prescribed statutory cause of divorce relied upon by the plaintiff, and rendered its decree in favor of the plaintiff accordingly. The evidence so tendered by the defendant consists of her own testimony and a judgment of the superior court for King county which was affirmed by this court by our decision rendered in *Pierce v. Pierce,* 68 Wash. 415, 123 Pac. 598, wherein it was adjudicated in substance that their living separate and apart was not the fault, or with the consent, of the defendant; but was the result of the fault and election of the plaintiff. In a later decision by this court in *Pierce v. Pierce,* 107 Wash. 125, 181 Pac. 24, reversing a judgment of the superior court granting to the plaintiff a divorce in another action, we recognized the conclusiveness of the judgment in the first action. It is plain from testimony of both the plaintiff and the defendant given upon the trial of this case that the relationship of the parties and their respective attitudes one to the other have not been in the least changed since the rendering of the judgment in the first of the cases above mentioned. We feel warranted, therefore, in proceeding in the light of the facts which we deem fully established, that the separation of these parties has at all times been wholly the result of the fault and election of the plaintiff, and not the result of the fault or voluntary consent of the defendant.

The arguments of counsel for the respective parties are addressed wholly to the question of whether or not the plaintiff is entitled to a decree of divorce as prayed for upon the sole ground that he and the de-

fendant have lived separate and apart for a period of
more than five consecutive years preceding the com-
mencement of this action, regardless of the cause or
fault which has resulted in such continued separation.
Counsel for the plaintiff argue the affirmative of this
question; while counsel for the defendant argue the
negative thereof, in the light of the affirmative show-
ing of the fault of the plaintiff and the absence of
fault or consent of the defendant touching their con-
tinued separation. Our problem then becomes one of
ascertaining the legislative intent by the language used
in that portion of our divorce statute relied upon by
counsel for the plaintiff as entitling him to a decree
of divorce.

By ch. 109, p. 331, § 1, of the Laws of 1921, the sec-
tion of our divorce statute prescribing causes for
divorce was amended to read as follows:

"*Be it enacted by the Legislature of the State of
Washington:*

"Section 1. That Section 982 of Remington & Bal-
linger's Annotated Codes and Statutes of Washing-
ton (being Sec. 7501 of Pierce's Washington Code),
be amended to read as follows:

"Section 982. Divorces may be granted by the su-
perior court on application of the party injured, for
the following causes:

"1. When the consent to the marriage of the party
applying for the divorce was obtained by force or
fraud, and there has been no subsequent voluntary
co-habitation.

"2. For adultery on the part of the wife or of the
husband, when unforgiven, and the application is made
within one year after it shall have come to the knowl-
edge of the party applying for a divorce.

"3. Impotency.

"4. Abandonment for one year.

"5. Cruel treatment of either party by the other,
or personal indignities rendering life burdensome.

"6. Habitual drunkenness of either party, or the neglect or refusal of the husband to make suitable provisions for his family.

"7. The imprisonment of either party in a state penal institution if complaint is filed during the term of such imprisonment.

"8. A divorce may be granted to either or both of the parties in all cases where they have heretofore lived or shall hereafter live separate and apart for a period of five consecutive years or more. In all such cases, the divorce may be granted on the application of either husband or wife, and either husband or wife shall be considered the injured party and the period of five years or more shall be computed from the time the separation took place.

"9. In case of incurable, chronic mania or dementia of either spouse having existed for five years or more, while under confinement by order of a court of record, the court may, in its discretion, grant a divorce." Rem. Comp. Stat., § 982.

The contention here made in behalf of the plaintiff is that subdivision 8, above quoted, is to be read entirely apart from all other provisions of the section, since it is complete within itself when so read; though all of the preceding seven subdivisions are not complete within themselves, and can only be given complete sense by reading each of them with the introductory sentence of the section providing that "Divorces may be granted by the superior court on application of the party injured, for the following causes: . . ." It is apparent that one of the "following causes" is that specified in subd. 8, in so far as its setting in the section is concerned; and that it must be read in connection with the "party injured" introductory sentence, unless it is so plainly separable therefrom as to call for its reading and interpretation entirely apart.

Viewed superficially, this argument may seem somewhat persuasive; but what, it may be well asked, did

the legislature mean by the use in subd. 8 of the words
"either husband or wife shall be considered the in-
jured party," if there is to be considered, as expressed
in the section, a legislative intent to entirely eliminate
all thought of, or consideration by the courts of, the
question of who may or may not be in fact "the injured
party"? Why put in subd. 8 the "injured party"
thought in any form of expression, if the legislative
intent be to entirely eliminate all consideration by
the courts of who may or may not be *in fact the injured
party,* viewed in the light of their respective faults and
freedom from fault? Does not subd. 8 still preserve the
general principle which seems to be inherent in all di-
vorce laws, except when changed by express statutory
law, that there must be an "injured party" in the sense
that such injury must not result alone from the wrong
of the one seeking the divorce, before a divorce will
be granted to the applicant? Does subd. 8 go any
farther towards the changing of this general rule than
to create a rule of *prima facie* proof, to wit, that five
years living separate and apart makes a *prima facie*
case in favor of the applicant that he or she is the
"injured party"? If the legislature desires to make
living "separate and apart for a period of five con-
secutive years or more" an absolute and unconditional
cause for divorce, without regard to the fault or cause
of such separation, why did it not say so, as it could
easily and plainly have done in much fewer words than
it used in subd. 8? Again, why, if that was the legisla-
tive intent, did it not so express such intent in an
independent section or act wholly disassociated with
the other specified causes of divorce following the
introductory sentence of the section, as has been done
by the legislatures of two or three other states of the
Union, thus, according to the holdings of the courts

of those states, effectually eliminating consideration
of the question of fault or consent of either of the
parties?

The construction of subd. 8 contended for by counsel
for the plaintiff, it is plain, we think, would lead to
this result: A husband could, without any cause other
than his own vicious will, forcibly drive his faithful
and devoted wife from their home, exclude her there-
from and refuse to live with her for a period of five
years; and then obtain a divorce from her solely be-
cause of such separation created by his own wrong.
Or he could commit one or more of the number of con-
ceivable acts grossly violative of his legal and moral
marital duties, such as would effect the separation of
his wife from him for a period of five years or more,
wholly without her fault or consent; and at the end of
such period of separation invoke the bare fact of sep-
aration, and the law as it is here sought to be con-
strued by counsel for the plaintiff, as an absolute and
unqualified cause for the granting to him of a divorce.

The passage of a statute in such language as to com-
pel the courts to adopt such a construction or interpre-
tation of it, leading to such results, would be a radical
departure from the policy of our state expressed in
its divorce statutes since the beginning of territorial
days, when in 1854 it was first enacted as the intro-
ductory sentence of this same section—which has never
been changed except by amendment — that ''divorces
may be granted by the district court (superior court),
on application of the party injured, for the following
causes;'' (Laws of 1854-5-6, p. 405) all causes for
divorce being in that act specified in seven subdivisions
following such introductory sentence, in substance the
same as the seven subdivisions preceding the eighth
subdivision embodied in the amendment of 1921 (ch.

109, p. 331), here relied upon. Our legislature has never at any time specified any cause for divorce other than in this section as originally enacted in 1854 and as amended from time to time by express reference thereto, leaving the introductory sentence unchanged. Laws of 1854-5-6, p. 405; Code of 1881, § 2000; Laws of 1885-6, p. 120; Laws of 1891, p. 42; Laws of 1917, p. 353; Laws of 1921, p. 331, ch. 109.

The passage of such a statute, expressing a legislative intent such as is here contended for by counsel for the plaintiff, would also be a radical departure from what may be called the common law of divorce; that is, those principles of the unwritten law of divorce supplemental to the statute law, universally recognized by the courts of this country as of controlling force, when applicable, except when plainly modified or abrogated by statute. Under the head of "Recrimination," in vol. II of Bishop on Marriage, Divorce and Separation, at §§ 344 and 346, that learned author makes these observations:

"A view adequate for our present elucidations is that, extending through our entire law, yet variously modified according to the particular issue, there is a rule which forbids redress to one for an injury done him by another, if himself in the wrong about the same thing whereof he complains. And it will not avail the plaintiff that he is less in fault than the defendant; he must come into court, as the expression is, with *clean hands*. . . .

"The doctrine which is thus seen to extend through the entire field of our jurisprudence prevails therefore in the divorce law. If in the former it is a little variable and in some respects its exact form and proportions are uncertain, so in the latter there are or have been judicial doubts and conflicts concerning it, and some differences created by legislation. But in a general way the doctrine is everywhere recognized."

See, also, vol. I, Nelson on Divorce and Separation, §§ 87 and 425.

Our present problem may not be one of recrimination in the strict sense of that term, but manifestly the observations above quoted from Bishop are as applicable here as if our problem were one of recrimination in a strict sense. Indeed, if a husband or wife, applicant for a divorce, will not be awarded a divorce because of his or her own wrong, even though the other has committed a marital wrong which of itself would call for the granting of a divorce as against the applicant, much less we think would such applicant be entitled to a divorce when the other spouse has been entirely without marital fault, as the defendant in the present case has been. These views of the law of divorce, speaking generally, find support in our own decisions in the following cases: *McDougall v. McDougall,* 5 Wash. 802, 32 Pac. 749; *Colvin v. Colvin,* 15 Wash. 490, 46 Pac. 1029; *Stanley v. Stanley,* 24 Wash. 460, 64 Pac. 732; *Bickford v. Bickford,* 57 Wash. 639, 107 Pac. 837; *Pierce v. Pierce* (these parties), 68 Wash. 415, 123 Pac. 598; *Maloney v. Maloney,* 83 Wash. 656, 145 Pac. 631; *Pierce v. Pierce* (these parties), 107 Wash. 125, 181 Pac. 24; *McMillan v. McMillan,* 113 Wash. 250, 193 Pac. 673. A critical reading of these decisions, we think, will not fail to leave in the reader's mind the conviction that this court has regarded the introductory provision of our divorce statute—that "Divorces may be granted by the superior court on application of the party injured, for the following causes"—as merely declaratory of what, as we have already seen, is the common or unwritten law of divorce, and that, had the introductory words of the statute been simply, "Divorces may be granted for the following causes," our holdings would

have been the same, in recognition of the unwritten law of divorce; one principle of which, applicable to our present inquiry, may be stated to be that an applicant for divorce will not be granted a divorce because of a condition, though it be within itself a statutory cause for divorce, which is affirmatively proven to be wholly the result of the applicant's own wrong.

We have, then, as we view the conditions of our present problem, these weighty considerations to be kept in mind and applied in our present effort to ascertain the legislative intent expressed by the language of subd. 8 above quoted: (1) the embodying of that subdivision, as a cause for divorce, in a section of the statute together with all the other enumerated causes for divorce, following the introductory sentence of the section which evidences a legislative intent that divorces shall be granted only to an injured party, manifestly excluding injury resulting to a party from his or her own fault; and the embodying in the subdivision of the words "either husband or wife shall be considered the injured party . . ." (2) the fixed and unvarying legislative policy of this state from the beginning of our territorial government, covering a period of nearly seventy years, of adhering to the "injured party" principle, declaratory, as we think, of the common or unwritten law of divorce; and (3) the extraordinary result of allowing an applicant for divorce to take advantage of his own wrong and fault in creating the very condition upon which he might rest and claim his right to a divorce, if subd. 8 means as is here contended for by counsel for the plaintiff. Conceding for the present that the legislature has power to specify such a cause for divorce, surely, in the light of these considerations, no court should hold that the legislature has done so unless its

language is so clear and unmistakable in that behalf as to permit of no other interpretation.

The statutes of several states and decisions of the courts construing them have been called to our attention; none of which, however, we regard as of controlling force in our present inquiry; this by reason of the difference in these statutes from our own. The state of Louisiana has a statute reading as follows:

"That when married persons have been living separate and apart for a period of seven years or more, either party to the marriage contract may sue, in the courts of the state of his or her residence, provided such residence shall have been continuous for the period of seven years, for an absolute divorce, which shall be granted on proof of the continuous living separate and apart of the spouses, during said period of seven years or more." (Act No. 269 of 1916, p. 557.)

Under this statute, as held by the supreme court of that state, separation for the time and under the conditions prescribed is an absolute and unconditional cause for divorce, excluding all inquiry into the question of which party is injured or in fault. *Hava v. Chavigny,* 143 La. 365, 78 South. 594; *Goudeau v. Goudeau,* 146 La. 742, 84 South. 39. That statute, however, it will be noticed, is entirely complete within itself, and does not have a setting as one of several enumerated paragraphs preceded by a common introductory sentence expressing the "injured party" thought; nor does it in the slightest degree suggest the "injured party" thought, as does our statute. The state of North Carolina had a statute of similar import to that of the Louisiana statute, which by a bare majority opinion of the supreme court of that state was held to create an absolute and unconditional cause for divorce at the suit of either party, irrespective of

which was injured or which was at fault (*Cooke v. Cooke,* 164 N. C. 272, 80 S. E. 178, 49 L. R. A. (N. S.) 1034); which statute, it seems, was later amended and that cause for divorce was enumerated as a subdivision in a section prescribing all other causes for divorce, having an introductory sentence in substance the same as ours, under which it was later held that the question of which of the spouses was in fact the injured party and as to which was at fault was a proper consideration for the courts in entertaining the question of who, if either, would be entitled to a divorce under that subdivision. *Sanderson v. Sanderson,* 178 N. C. 339, 100 S. E. 590.

The state of Kentucky has a statute in which is specified as a cause for divorce, "living apart without any cohabitation for five consecutive years next before the application." (Ky. Stat. [Carroll], § 2117.) This statute seems to prescribe an absolute unqualified cause for divorce. The decisions of the supreme court of that state construing this statute in other respects furnish us but little light in our present inquiry, though there are observations made in the decisions of that court which seem to suggest that the courts, even under that statute, should not lose sight of the question of fault or injury of or to the respective parties. *Hale v. Hale,* 137 Ky. 831, 127 S. W. 475; *Brown v. Brown,* 172 Ky. 754, 189 S. W. 921. The state of Wisconsin has a statute which seems to make voluntary separation of a husband and wife for a period of five years cause for divorce. *Sanders v. Sanders,* 135 Wis. 613, 116 N. W. 176. That statute and its construction by the Wisconsin court, however, do not furnish us any aid in our present inquiry.

The state of Rhode Island has a statute which permits the granting of a divorce in the discretion of the

trial court when "the parties have lived separate and apart from each other for the space of at least ten years," (Laws of 1909, ch. 247, § 3, p. 858). Construing this statute, in *Camire v. Camire*, 43 R. I. 489, 113 Atl. 748, the supreme court of that state held in substance that the courts were not obliged to ignore the question of who is the injured party or who is at fault. That decision, however, seems to be rested upon the provision of the statute that the granting of a divorce for such a cause is in the discretion of the court. It will be noticed that in none of the states mentioned is the statute like ours, so we think the decisions thereunder lend us but little aid here. They do, however, for the most part recognize the rule of the common or unwritten law of divorce: that a husband or wife applying for divorce will be denied such relief if he or she be at fault and the other spouse be wholly free from fault; and especially if the husband or wife applying for the divorce has by his or her own acts created, against the will of the other, the very condition relied upon as a cause for divorce.

We note, among others, some decisions of the courts dealing with claims of right which if upheld would result in the claimant profiting by his own wrong. In *Riggs v. Palmer*, 115 N. Y. 506, 22 N. E. 188, 12 Am. St. 819, 5 L. R. A. 340, the court of appeals held that the statute of New York relating to the distribution of estates will not be construed so as to secure the benefit of a will to a legatee who killed the testator in order to prevent a revocation of the will; this upon the theory that the legatee could not so take advantage of and profit by his own wrong, though the law seemed to give him the absolute right he sought to enforce. In *Perry v. Strawbridge*, 209 Mo. 621, 108 S. W. 641, 123 Am. St. 510, 16 L. R. A. (N. S.) 244, it was held that a

"widower" and his heirs could not take, as such, of his deceased wife's property as against her own heirs, because of the fact that he had murdered his wife and a few hours afterwards killed himself; though the statute of descent and distribution of that state seemed to in terms give him the absolute right to take as the "widower;" that being a contest between his heirs and his wife's heirs. In *Box v. Lanier*, 112 Tenn. (4 Cates) 393, 79 S. W. 1042, 64 L. R. A. 458, the supreme court of Tennessee also held that a husband who had murdered his wife could not take of her property, life insurance, because her death was wrongfully brought about by his own act, notwithstanding the law seemed to give him the absolute right to take by virtue of his surviving her.

Some contention is made in behalf of the plaintiff that subd. 8, as found in the amendatory act of 1921, § 1, p. 331, was so enacted at that time for the purpose of obviating the effect of our decision in the case of *Pierce v. Pierce* (these same parties), 107 Wash. 125, 181 Pac. 24, wherein we held that subd. 8, first enacted by ch. 106 of the Laws of 1917, p. 353, providing that,

. "Where the parties are estranged and have lived separate and apart for eight years or more and the court shall be satisfied that the parties can no longer live together,"

must be read in connection with the introductory sentence of the section. The argument seems to be that the legislature, having in mind our decision in that case, must have intended to make the separation of husband and wife for the period of five years or more an absolute, unconditional cause for divorce; but again we say, if that was the legislative intent, why merely amend the section prescribing the causes for divorce by inserting subd. 8, (Laws of 1921, § 1, p. 331), as amended in the same section, as one of the

causes, and insert therein words plainly evidencing an intent to preserve the "injured party" thought or consideration. We of course concede that the legislature intended to change subd. 8 as first appearing in ch. 106 of the Laws of 1917, p. 353, but that does not argue that the legislature intended to make such a radical change as is now contended for by counsel for the plaintiff. It only argues that the legislature intended to make some change, which we think they did.

It seems to us that, all things considered, the language of subd. 8, of ch. 109 of the Laws of 1921, § 1, p. 331, was intended only to effect a change in the prior law in two particulars: (1) The law was changed so as to become retroactive, in that the period of separation "shall be computed from the time the separation took place;" it having been held by us in *Pierce v. Pierce*, 107 Wash. 125, 181 Pac. 24, that the 1917 act was prospective only in its operation in this respect. (2) The law was changed in that it created what we deem to be nothing more nor less than a rule of *prima facie* proof, to wit, that an applicant for divorce, pleading and showing that there has been a separation and living apart for a period of more than five years, shall *prima facie* be presumed to be the injured party and be entitled to a decree of divorce. In other words, when the applicant has proceeded thus far, he or she has made out a case which, in the absence of other proof, entitles him or her to a divorce as a matter of right. But that, to our minds, does not argue that such proof becomes conclusive upon the question of who is "the injured party" in the sense of precluding the opposing party from showing by proper evidence who is in fact "the injured party." We cannot escape the conclusion that the legislature never intended, in the use of the language of subd. 8, of ch. 109 of the Laws of 1921, § 1, p. 331, above quoted, that an appli-

cant should have the right to a decree, granting him or her a divorce, in the face of an affirmative showing that the separation relied upon as cause for his or her claimed right of divorce is of his or her own creation, without fault or consent of the opposing spouse.

The decree awarding a divorce to the plaintiff is reversed.

MACKINTOSH, TOLMAN, MITCHELL, HOLCOMB, HOVEY, and BRIDGES, JJ., concur.