[No. 21563. Department One. June 3, 1929.]

D. G. HICKEY, *Appellant*, v. HELEN J. HICKEY, *Respondent*.[1]

*Louis E. Shela,* for appellant.

*Stanley J. Padden* and *George F. Ward,* for respondent.

FULLERTON, J.—The appellant, D. G. Hickey, instituted this action against his wife, Helen J. Hickey, to obtain a decree of divorce. As grounds for a divorce, the appellant set forth in his complaint the statutory causes of cruel treatment, personal indignities rendering life burdensome, and abandonment for more than one year. The answer of the respondent was, in substance, a general denial. At the conclusion of the trial, the trial court found that none of the charges was proven, and entered a judgment dismissing the action with prejudice. The appeal is from that judgment.

The appeal presents no serious questions of law. While the parties have filed somewhat extensive briefs, the questions discussed are questions of fact.

[1]Reported in 277 Pac. 994.

The husband was the sole witness on his own behalf. He testified that he and the respondent intermarried at Lewiston, Idaho, on August 26, 1920, and that, from the time of the marriage to the fall of the year 1924, they lived happily together, but that,

". . . from then on she [the wife] started to show her temper considerably at various times, and when things did not go to please her, she would go into violent hysterics and nag at everything I did and everything I didn't do, criticizing every little thing that came up, and continuously when we were out any place, if things were not going right, she would proceed to sulk and say things that were humiliating."

When called upon to particularize, he mentioned but four instances of misbehavior on his wife's part, two of which, at least, took place in the presence of third persons. These circumstances, if they occurred as he relates them, were sufficiently coarse and humiliating as to amount to personal indignities, but we fear that he has exaggerated them. As we have noted, he brought no witnesses to support the charges, yet it would appear that, if the wife's misconduct was such as he relates, he should have had no difficulty on this score.

His wife, in her testimony, denied all of the charges, and was able also to bring before the court certain intimates of the family who supported her more or less strongly in her denials. Certain letters written by the wife to him after the separation were introduced in evidence, and it is strenuously argued that these corroborate the charges of the husband. But we shall not set them forth at length, or indicate the nature of their contents. It is enough to say that, in our opinion, they in no way aid him.

The appellant was even less fortunate in his proofs on the charge of desertion. The wife did leave the apartments at which they were then staying and

go home to her mother, and from thence on they have lived apart. His version of the cause of her leaving is that she became offended at some trivial happening, and went off in a fit of temper. Her version of the occurrence is radically different. If her version of it be true, she had just grounds for leaving; indeed, his conduct left her but little choice in the matter. But whichever of these versions be accepted as the true one, the fault for the continued separation is with the husband. The wife, shortly thereafter, and at various times up to the very time the action for a divorce was instituted, sought a reconciliation. But all of her advances were rejected by the husband. Even at the trial he testified:

"After I separated, I made up my mind that I would not go back to her. . . . I did not want to be reconciled."

As a reason for not caring to be reconciled, the appellant again stated that it was because of "her nagging and continuous misunderstanding for over two years." But here again, it would appear that he was not entirely frank. On his cross-examination he was forced to admit certain acts on his own part, occurring prior to the separation, which would seem to indicate that his affections had gone elsewhere, and we are inclined to think that this was the real reason for his desire not to be reconciled.

But an abandonment to be a cause for a divorce must be willful and intentional, without the intention of returning and without the consent of the spouse abandoned. As we said in *Maloney v. Maloney,* 83 Wash. 656, 145 Pac. 631:

"To sustain an order granting a divorce on the ground of abandonment, it must appear that there has been a voluntary abandonment of one spouse by the other, without the former's consent, without justifica-

432

tion, and without the intention of returning, and that such abandonment must continue for the period of one year. In other words, it must appear that the absence of the spouse accused of abandonment is not justified by the conduct of the other spouse."

See, also, *Appleton v. Appleton*, 97 Wash. 199, 166 Pac. 61.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.