[No. 25378.   Department One.   May 4, 1935.]

DAISY McGARRY, *Respondent,* v. STEPHEN J. McGARRY, *Appellant.*[1]

*James R. Chambers,* for appellant.
*Rummens & Griffin,* for respondent.

[1]Reported in 44 P. (2d) 816.

GERAGHTY, J.—The plaintiff in this case sought a decree against her husband, the defendant, for separate maintenance. The defendant in his answer alleged that plaintiff had abandoned him some fifteen years before suit, taking with her surreptitiously their two minor children, a daughter now seventeen years of age and a son eighteen, and by cross-complaint prayed for a divorce from the plaintiff.

The trial court found that the plaintiff had sustained the controverted allegations of her complaint, and that the defendant had failed to sustain the controverted allegations of his cross-complaint. The court's findings material to the issues are as follows:

"That heretofore, to-wit: at Vancouver, British Columbia, on the 5th day of November, 1914, plaintiff and defendant intermarried and thereupon became and ever since have been and now are husband and wife.

"That of such marriage relation so contracted and existing, there have been born two children, Catherine, age 17 years, and David, age 18 years; that each said child has since birth been in the care, custody, control and guardianship of plaintiff.

"That about the year 1918, plaintiff and defendant with said two children left Seattle for Akron, Ohio; on the train defendant physically assaulted plaintiff. In Akron, Ohio, a third child was born and died at about the age of eight (8) months. Defendant was cruel to plaintiff and during pregnancy on one occasion kicked plaintiff out of bed; on another occasion he so abused plaintiff that she had him arrested for assault and in about the year 1919, because of defendant's cruelty and conduct plaintiff left defendant and ever since said time has maintained herself and said children without assistance or support from defendant.

"That defendant never at any time has made a good faith effort at reconciliation, but plaintiff has lived in the hope and still continues to hope that for the sake of the children a reconciliation can some day be effected.

"That plaintiff has educated said children; that

each is now in the first year at the University majoring in medicine; that David works from three in the afternoon until midnight daily upon a lot for the storage of cars and must do his studying during said period. That Catherine works an average of about six hours a day; that plaintiff's salary has been $65 per month as a drug clerk, but is now $90; that the mother and children pool their resources and have an average income of about one hundred and eighty ($180) dollars per month for the three of them. That such income is not sufficient to maintain the children at the University and the long hours of work are not conducive to the best interest of health of David and Catherine.

"That for a number of years defendant had employment and at time an income of approximately $250 per month, but contributed nothing for the support of said family. That no demand has been made upon him for support by suit until this occasion; that plaintiff must undergo a major operation the cost of which will not be less than $350, and she will be compelled to lose not less than six weeks time from her employment.

"That the defendant is steadily employed with the United States Government and earning approximately one hundred and forty-two ($142) dollars per month, and is capable of paying by way of separate maintenance to plaintiff the sum of fifty ($50) dollars per month."

A decree was entered upon these findings, dismissing the defendant's cross-complaint and awarding the plaintiff fifty dollars a month for the maintenance of herself and children and twenty-five dollars for attorney's fees. Subsequent to the entry of the decree, defendant served and filed a notice of appeal and supersedeas bond. The plaintiff attacked the sufficiency of the bond by motion. Upon the hearing of this motion, the court approved the bond, and in its order of approval embodied a provision awarding plaintiff thirty-seven dollars and fifty cents suit money and fifty dollars for attorney's fees in connection with the appeal. The defendant appeals from the decree as well as the

order allowing suit money and attorney's fees upon appeal.

Although the appellant does so at much length, we think it unnecessary in this opinion to recite the evidence in detail. It was in conflict, and we should hesitate, even if the evidence stood evenly balanced, to incline the scale against the findings of the trial judge, who saw the witnesses and had an opportunity to appraise their credibility. But a complete reading of the record does not leave the issue in equilibrium; on the contrary, the record clearly preponderates in favor of the trial court's findings.

The facts, then, being as the trial court found them, we consider, first, appellant's contention that his application for divorce should have been granted. He bases his right to a divorce upon two grounds: First, respondent's abandonment, and second, the fact that the parties have lived separate and apart for a period of over five years.

Appellant is foreclosed on the first ground by the court's findings. While it is true that, in 1919, respondent left appellant and returned, with her children, to the home of relatives in Canada, she was justified in so doing by appellant's mistreatment of her. *Loeper v. Loeper,* 81 Wash. 454, 142 Pac. 1138; *Sutton v. Sutton,* 145 Wash. 542, 260 Pac. 1076.

The trial court found that, since his wife left him, appellant had made no good faith effort at reconciliation, while she had lived in the hope, a hope she still entertains, that for the sake of their children a reconciliation may some day be effected. Appellant's general attitude toward his wife and his conception of his duty toward his children are characterized by an excerpt from his testimony (quoting from the abstract):

"We can not live together happily now, on account of my bitter feeling for what she has done to me. I

never sued for divorce until she sued for maintenance. I intended to support the children as soon as I got money, before this action came up. When I was working for Stone & Webster, at approximately $3,000 a year, I intended to support them. Every cent I can make I want to give to the support of those children, but not by a court order. I said that was my intention before this action came up, my intention has not changed."

His intention did not result in any material aid to his wife in the support of their children during the fifteen years they lived apart prior to the trial, nor did they lead to the making of any serious effort to effect a reconciliation.

But appellant contends that, in any event, since the parties have lived separate and apart for a period of more than five years, he is entitled to a divorce under subd. 8 of § 1, chapter 109, Laws of 1921, p. 331, reading:

"A divorce may be granted to either or both of the parties in all cases where they have heretofore lived or shall hereafter live separate and apart for a period of five consecutive years or more. In all such cases, the divorce may be granted on the application of either husband or wife, and either husband or wife shall be considered the injured party and the period of five years or more shall be computed from the time the separation took place." Rem. Rev. Stat., § 982 [P. C. § 7501].

We are of the opinion that this case is controlled by *Pierce v. Pierce,* 120 Wash. 411, 208 Pac. 49. In that case it was held that a party suing for divorce under subd. 8 must be an injured party; that the introductory clause of the section, "Divorces may be granted by the superior court on application of the party injured, for the following causes," is controlling upon subd. 8; and that a party can not obtain a divorce for a separation

caused by his own wrong. In illustrating its position, the court said:

"The construction of subd. 8 contended for by counsel for the plaintiff, it is plain, we think, would lead to this result: A husband could, without any cause other than his own vicious will, forcibly drive his faithful and devoted wife from their home, exclude her therefrom and refuse to live with her for a period of five years; and then obtain a divorce from her solely because of such separation created by his own wrong. Or he could commit one or more of the number of conceivable acts grossly violative of his legal and moral marital duties, such as would effect the separation of his wife from him for a period of five years or more, wholly without her fault or consent; and at the end of such period of separation invoke the bare fact of separation, and the law as it is here sought to be construed by counsel for the plaintiff, as an absolute and unqualified cause for the granting to him of a divorce."

Appellant argues vigorously that *Pierce v. Pierce, supra,* was wrongly decided at the time and is still wrong, and that the court should now overrule it and adopt the construction which he conceives to be the correct one. But the construction placed upon the subdivision by the court in 1922 has been accepted and remains unchanged, notwithstanding the fact that numerous sessions of the legislature have been held since the decision was made. To change the rule of the case now would be judicial legislation, the thing appellant charges we did in the first instance. Notwithstanding appellant's able argument, we remain unconvinced, and we are of the opinion that the trial court properly dismissed the cross-complaint.

The law on the question of the wife's right to separate maintenance is stated in *Loeper v. Loeper, supra:*

"Under these authorities it was necessary for the appellant in the first suit to show, (a) that her husband

had abandoned her without cause, or that she was compelled to live apart from him because of conduct upon his part which in law constituted an abandonment; and (b) that having the ability to support her, he neglected or refused so to do.''

The fact that, for fifteen years, the respondent took no action to compel the appellant to contribute to her support, or that of the children, but herself struggled as only a mother will to raise and educate them, does not at this time, in the state of her health and the necessity for money to supply to her children the education she feels they should have, bar a legal action against appellant. *Kimble v. Kimble,* 17 Wash. 75, 49 Pac. 216.

The allowance to respondent was made by the court, in part, to meet the expenses of the children's education. If hereafter conditions develop warranting a change in the allowance, by reason of changed conditions, either of the parties will have opportunity to apply to the court for such modification of the decree as the circumstances require.

The decree and subsequent order are affirmed.

MILLARD, C. J., MAIN, BEALS, and TOLMAN, JJ., concur.