**Joseph N. SAMUELS, Jr., Appellant,**

v.

**Dorothy Cecelia SAMUELS, Appellee.**

**No. 2697.**

Municipal Court of Appeals for the District of Columbia.

Submitted May 29, 1961.

Decided Aug. 8, 1961.

E. W. Mollohan, Jr., Washington, D. C., with whom George Johannes, Washington, D. C., was on the brief for appellant.

Newton B. Jaslow, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

This appeal is by a husband from a judgment granting him a divorce and ordering him to pay permanent alimony. He says the award of alimony was erroneous.

The parties were married in 1933, had two children, and separated in 1938. After the separation the husband supported the children until they became of age, but he contributed nothing to the support of his wife. In 1946 she was adjudicated to be of unsound mind and committed to a mental hospital. In June 1958 she was certified to be of sound mind and was restored to her legal status. In September 1959 the husband brought this action for divorce on the ground of five years' voluntary separation. Code 1951, § 16–403. The wife answered, alleging that her husband had deserted her and asking for alimony or maintenance. The trial court found that the separation was voluntary and that the husband was entitled to a divorce, but also found that the wife was entitled to alimony.

The husband's principal attack on the award of alimony is that the wife was barred from such relief by the doctrine of laches because for more than twenty years following the separation she had made no claim for support or maintenance either in or out of court. Brandt v. Brandt, 107 U.S.App.D.C. 242, 276 F.2d 488, is cited as holding that the equitable defense of laches is applicable here. That case, however, dealt with the enforcement of arrearages due under an existing order. We are not here concerned with the enforcement of past due alimony. Our question relates to the right to present and future support.

The authorities dealing with the question of long delay as a defense to a wife's claim for support and maintenance are not entirely harmonious.[1] Some indicate that because a husband's duty to support his wife is a continuing one, delay by the wife in seeking support is never available to the husband as a defense. However, most authorities recognize that under certain circumstances long delay may be a defense.[2] Some apply the doctrine of equitable estoppel where the delay is shown to have prejudiced the husband. Others assert that long delay may be construed as a waiver or forfeiture of the wife's right. All the cases indicate that the wife's claim should be viewed with leniency and delay should be a bar only in extreme cases. In Kurzatkowski v. Kurzatkowski, 142 Conn. 680, 116 A.2d 906, it was held that a delay of twenty-five years was no bar when it was not shown that the delay had prejudiced the husband; in Munger v. Munger, 21 N.J. Super. 49, 90 A.2d 539, affirmed 24 N.J. Super. 574, 95 A.2d 153, ten years' delay was held no bar in the absence of prejudice to the husband; in McGarry v. McGarry, 181 Wash. 689, 44 P.2d 816, delay of fifteen years was held not to be a bar; in Morrongiello v. Morrongiello, Sup., 47 N.Y.S.

2d 413, thirty years' delay was held no bar; and in Gold v. Gold, 191 Md. 533, 62 A.2d 540, the court refused to say that a delay of twenty-five years forfeited the wife's right. See, however, Corah v. Corah, 246 Minn. 350, 75 N.W.2d 465, where it was held laches prevented a wife from obtaining alimony from her husband who had obtained a divorce from her eighteen years earlier and in the meantime had remarried and had children by his second wife.

Turning to the facts of the present case, we find that the wife's first demand for support occurred twenty-one years after the separation, though it must be remembered that during twelve of those years she was mentally incompetent. She explained her failure to make an earlier claim by saying that after the separation she wished to be independent and self-supporting, but that now her health is not as good as it was previously and she does not know whether she can continue to support herself, and for that reason wishes support, or partial support, from her husband. The trial court ruled that under the circumstances of the case the wife should not be barred by laches, and we find no basis for upsetting that ruling.

The wife's delay is not shown to have been prejudicial to the husband; and, indeed, the wife's delay may be due in part to the husband's delay, for he could have instituted his suit in 1943 instead of waiting until 1959. When, after this long separation, he brings her into court asserting his right to a divorce from her, he is not in a good position to complain when she asserts her right to support from him.

Other claims of error, including the claim that the award was excessive, are made, but we find them to be without substance and to require no discussion.

Affirmed.

---

1. See 42 C.J.S. Husband and Wife § 616; 27 Am.Jur., Husband and Wife § 407; Annotation, 10 A.L.R.2d 466, 544; 3 Nelson, Divorce and Annulment § 32.27 (2d ed.).

2. In Shelton v. Shelton, D.C.Mun.App., 153 A.2d 663, this court impliedly recognized that under some circumstances a wife's claim to alimony might be barred by laches.